STATE v. FLETCHER McRAE.

(Filed 19 May, 1954.)

**Criminal Law § 50d: Trial § 6—**

In this case a new trial is awarded for interrogations of a witness by the court which went beyond a mere effort to clarify the witness' testimony and amounted to an expression of opinion on the facts by the court.

APPEAL by defendant from *Hubbard, Special Judge,* September-October Criminal Term, 1953, of ROBESON.

STATE v. McRAE.

Criminal prosecution tried upon a four-count bill of indictment charging the defendant with the following offenses: (1) Unlawful possession of 18 gallons of nontax-paid whiskey; (2) unlawfully transporting 18 gallons of nontax-paid whiskey; (3) reckless driving of an automobile in violation of G. S. N. C. 20-140; and (4) unlawfully and willfully failing and refusing to stop his automobile operated upon the public highways upon the sounding of a siren by police officers and State patrolmen in violation of G. S. N. C. 20-157 (a).

Defendant pleaded Not Guilty. Verdict of guilty on all four counts as charged in the bill of indictment.

From judgment imposed on all four counts the defendant appealed, assigning error.

*Harry McMullan, Attorney General, T. W. Bruton, Assistant Attorney General, and William P. Mayo, Member of Staff, for the State.*

*F. D. Hackett and L. J. Britt and Robert Weinstein for Defendant, Appellant.*

PER CURIAM. The defendant's assignments of error are to the admission of evidence and to the judgment. His second assignment of error, based upon his exception 23, arose as follows. The defendant testified in his own behalf. The State in rebuttal called as a witness Paul McQueen, a deputy sheriff, who testified that he knew the general reputation of the defendant, and that the defendant had had the reputation for five or six years of making and selling whiskey. After the direct and cross-examination of this witness the presiding judge asked the witness the following questions: "Q. Have you made raids on this place? A. No, sir, haven't searched his house. Q. Does he have reputation of handling or manufacturing whiskey? A. He has a reputation of manufacturing it. Q. You have never searched his premises? A. No. sir. Q. Know whether other officers have? A. Not that I know of. Q. What does his reputation grow out of? A. Of wholesaling, manufacturing whiskey, reports coming to the office. Q. Does he have the reputation of selling liquor at his residence? Objection—overruled—exception. EXCEPTION No. 23. A. No, sir."

The questions asked by the judge went far beyond an effort to obtain a proper understanding and clarification of the witness's testimony. Considering the question asked, and the answer given over the defendant's objection and exception, in connection with the other questions asked the witness by the judge, we are of the opinion that the conscientious trial judge unintentionally conveyed to the jury an impression that he had an opinion on the facts in evidence adverse to the defendant. The conclusion that such was its probable meaning to the jury seems apparent,

thereby prejudicing the defendant's right to a fair and impartial trial, and necessitating a new trial. G. S. N. C. 1-180; *S. v. Canipe, ante,* 60, 81 S.E. 2d 173; *S. v. Smith, ibid.,* p. 99, 81 S.E. 2d 263; *S. v. Cantrell,* 230 N.C. 46, 51 S.E. 2d 887; *S. v. Woolard,* 227 N.C. 645, 44 S.E. 2d 29.

It is ordered that the defendant be granted a
New trial.