## STATE v. ROY PETERS.

(Filed 9 November, 1960.)

**1. Burglary § 4:   Larceny § 7—**
  The evidence in this case of defendant's guilt of breaking and entering and larceny *held* sufficient to be submitted to the jury.

**2. Criminal Law § 94—**
  The interrogation of witnesses by the court in this case *held* to ex-

ceed mere clarification of their testimony and to constitute an expression of opinion by the court on the facts in evidence, necessitating a new trial.

APPEAL by defendant from *Hooks, Special Judge,* April Criminal Term, 1960, of WAKE.

This is a criminal action, tried upon a bill of indictment charging that the defendant did on 20 February 1960 break and enter into a building occupied by Henry V. Dick & Company, Inc., wherein merchandise, chattels, money, and various securities were being kept, and that the defendant on the above date did steal, take and carry away (certain merchandise itemized in the bill of indictment) goods, chattels and money of Henry V. Dick & Company, Inc., of the value of $493.50.

The State offered evidence tending to show that the place of business of Henry V. Dick & Company, Inc., in Raleigh, North Carolina, was broken into on Saturday night, 20 February 1960, and that certain merchandise, goods and chattels and money were taken therefrom of the value of $563.00.

Bob Alexander, a taxi driver, testified that he had known the defendant for nine months and that on 20 February 1960 had him as a fare-paying passenger in his taxi; that he picked him up around 9:50 p.m. at 551 E. Edenton Street; he said he wanted to go to West Lane Street but after reaching the Capitol he said he wanted to go to East Lane Street and when he got there he didn't seem to know where he wanted to go and requested the witness to drive around the block. Later, he got out of his cab near the place of business of the McAllister Supply Company; the taxi fare was $1.15, he paid in change and said, "I ain't got no money now but when I call you back I will have some money." When he got out of the cab he had a crowbar and a flashlight and had on cotton gloves. The witness further testified that the defendant said he was going to call him back and that he wanted him to be ready to come after him, but that he (the witness) decided to have no part "of it" and "checked off." On the following Friday the defendant got in his taxi and asked him where he was on last Saturday night when he (the defendant) called him back, and that he (the witness) said he had other business.

At this point in the examination of this witness, the court took over and aided the State substantially in the development of its case. Some fifteen or more questions were propounded by the court. The questions asked by the court and answered by this witness

cover approximately two pages of the record; in fact, the court examined at length the two principal State's witnesses.

The jury returned a verdict of guilty of breaking and entering and larceny of property not exceeding $100.00 in value. From the sentences imposed, the defendant appeals and assigns error.

*Attorney General Bruton, Asst. Attorney General Hooper for the State.*

*Charles F. Blanchard, Robert L. Farmer for defendant.*

PER CURIAM. The appellant assigns as error the refusal of the court below to grant his motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. The State offered ample evidence to take the case to the jury, and this assignment of error is overruled.

The defendant also assigns as error the court's examination of the State's witness Bob Alexander.

In our opinion, the questions asked by the court went far beyond an effort to obtain a proper understanding and clarification of the witness' testimony. The questions propounded by the court would have been entirely proper if they had been asked by the solicitor. However, we fear that the jury may have gotten the impression that the court had an opinion on the facts in evidence adverse to the defendant.

Certainly the able and conscientious judge who tried this case below did not intend to do anything to prejudice the rights of the defendant, but it is the probable effect or influence upon the jury as a result of what a judge does, and not his motive, that determines whether the right of the defendant to a fair trial has been impaired to such an extent as to entitle him to a new trial. *S. v. Smith,* 240 N.C. 99, 81 S.E. 2d 263.

There are numerous other assignments of error brought forward in the defendant's brief, but in view of the conclusion we have reached we deem it unnecessary to discuss them since they may not recur on another hearing.

The defendant is granted a new trial on authority of *S. v. McRae,* 240 N.C. 334, 82 S.E. 2d 67.

New trial.