STATE OF NORTH CAROLINA v. CURTIS MAGELLON LEA.
AND
STATE OF NORTH CAROLINA v. FREDDIE LEE STALEY.

(Filed 8 May 1963.)

**Criminal Law § 94—**

Interrogations by the court of various witnesses during the course of the trial *held* prejudicial, the probable effect upon the jury and not the motive of the court being determinative of whether the court exceeded the bounds of questioning for a proper understanding and clarification of the testimony of the witnesses.

APPEAL by defendant from *Armstrong, J.*, December 3, 1962 Criminal Term of GUILFORD (Greensboro Division).

The defendant Freddie Lee Staley was originally tried in the Criminal Division of the Municipal-County Court of Guilford County upon a warrant charging him with the operation of a motor vehicle upon the highways of this State while under the influence of intoxicating liquor or narcotic drugs; and the defendant Curtis Magellon Lea was originally tried in the same court upon a warrant charging him with permitting the defendant Staley to operate Lea's automobile while said operator was under the influence of intoxicating liquor or narcotic drugs.

Upon conviction, both defendants appealed to the Superior Court of Guilford County, in which court the cases were consolidated for trial and the defendants were tried on the original warrants *de novo*.

A verdict of guilty as charged was returned by the jury as to each defendant and, upon pronouncement of sentence on each defendant, both defendants appealed, assigning error.

*Attorney General Bruton; Asst. Attorney General Ray B. Brady for the State.*
*Elreta Melton Alexander for defendant appellants.*

PER CURIAM.  The appellants assign as error the refusal of the court below to grant their motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. The State offered ample evidence to take the consolidated cases to the jury against the respective defendants, and this assignment of error is overruled.

The defendants further assign as error the court's examination of witnesses tendered by the State as well as those tendered by the defendants.

The court interrupted the Solicitor or counsel for defendants some eight or ten times during the course of a comparatively short trial, and propounded approximately fifty questions to various witnesses. The questions propounded by the court would have been entirely proper if they had been asked by the Solicitor. Even so, in our opinion, many of these questions went beyond an effort to obtain a proper understanding and clarification of the testimony of the witnesses.

Certainly the able and conscientious judge who tried these consolidated cases below did not intend to do anything to prejudice the rights of the defendants, but it is the probable effect or influence upon the jury as a result of what a judge does, and not his motive, that determines whether the right of the defendants to a fair trial has been impared to such an extent as to entitle them to a new trial.

We are inclined to the view that these defendants are entitled to a new trial and it is so ordered on authority of *S. v. Peters*, 253 N.C. 331, 116 S.E. 2d 787.

New trial.