BEVERLYN J. WHITLEY v. RUTH N. RICHARDSON.

(Filed 6 July, 1966.)

**Appeal and Error § 40—**
   The verdict of the jury will not be upset for technical error which could not have affected the result of the trial.

MOORE, J., not sitting.

APPEAL by plaintiff from *Houk, J.,* September 20, 1965 Schedule B Civil Session of MECKLENBURG.

Plaintiff instituted this action on February 24, 1965, to recover for property damage and personal injuries allegedly sustained about 4:00 p.m. on January 28, 1965, when defendant's automobile collided with the left rear side of plaintiff's Rambler station wagon in an intersection. On the trial, plaintiff's evidence tended to show:

Immediately after the accident, she had no reason to believe that she had been injured. That night, however, she developed double vision and a severe headache which continued until February 4th. Previously she had been subject to migraine headaches. After the accident her neck and shoulders became painful. About the middle of March, she began experiencing severe low back pain. The diagnosis was a sprain of the neck and lower back. In the opinion of her physician, these sprains could have been caused by the automobile accident in January. He prescribed a brace, bedboard, analgesics, muscle relaxants, and weight reduction. In his opinion, she has a permanent injury, which will require further treatment, but which he could not evaluate "in percentages." In July 1965, plaintiff's physician referred her to Dr. H. W. Tracy, an orthopedist. Upon examination, he found that she had the ordinary range of motion in her neck and demonstrated no tenderness. For a woman of her build and proportions, she also had normal and adequate range of motion in her back. Her reflexes were regular, and there was no evidence of any nerve root injury. In Dr. Tracy's opinion, she had no "permanent residual disability with reference to her back." Plaintiff had gained about 30 pounds "over the past few months," a condition which, he said, could have been "a predisposing or aggravating factor with respect to strain on the back." The only recommendation which the orthopedist made was that plaintiff continue with the weight-loss program.

Defendant's evidence tended to show that plaintiff had not been hurt in the accident; that in July she was able to bend over in her garden sufficiently to pick vegetables; and that, with considerable agility, she had climbed upon a picnic table in her backyard.

The jury answered the issue of negligence in favor of plaintiff, awarded plaintiff $200.00 for damage to her automobile and nothing for personal injuries. From judgment entered upon the verdict, plaintiff appealed.

*B. F. Wellons and Brock Barkley for plaintiff appellant.*
*Carpenter, Webb & Golding for defendant appellee.*

PER CURIAM. Plaintiff assigns as error certain portions of his Honor's charge with reference to damages and to his failure to restrain defendant's counsel from reading to the jury certain portions of the complaint. Conceding without deciding that these rulings were technically erroneous, yet it is implausible that they affected the verdict. Defendant has not seriously contested plaintiff's allegation that the collision in question was proximately caused by defendant's negligence. The real controversy was whether plaintiff had suffered

any personal injuries in the accident, and the case was relatively uncomplicated. With reference to the issue presented, it would have been difficult to confuse the jurors. They decided that plaintiff should be paid for the damage done to her automobile in the collision, but that she had suffered no damage to her person. The jury is the arbiter of the facts. Its verdict will not be upset for technical error which could not have affected the result of the trial. 1 Strong, N. C. Index, Appeal and Error § 40 (1957).

No error.

MOORE, J., not sitting.