STATE OF NORTH CAROLINA v. RAYMOND EUGENE HUFFMAN

No. 6918SC492

(Filed 31 December 1969)

**1. Criminal Law § 99— questions by trial court — expression of opinion**

In this prosecution for assault with intent to commit rape, the trial court did not express an opinion on the evidence by asking the prosecutrix to repeat, explain or clarify portions of her testimony.

**2. Criminal Law § 99— questions by trial court — clarification of testimony**

While G.S. 1-180 prohibits the court from asking questions at any time during the trial which amount to an expression of opinion as to what has or has not been shown by the testimony of a witness, it is not improper for the court to ask questions for the purpose of obtaining a proper understanding and clarification of a witness' testimony as long as the court does not engage in frequent interruptions and prolonged questioning.

**3. Criminal Law § 66— illegal out-of-court identification — in-court identification — independent origin — voir dire hearing**

Where it appears during the course of a criminal trial that the accused's right to be represented by counsel was violated at an out-of-court lineup identification, the admission in evidence of an in-court identification of the accused is erroneous unless the trial court determines on *voir dire* that the in-court identification had a sufficiently independent origin and was not the result of the illegal out-of-court confrontation.

**4. Criminal Law § 66— illegal out-of-court confrontation — in-court identification of defendant — independent origin**

In this prosecution for assault with intent to commit rape, testimony by the prosecutrix on *voir dire is held* sufficient to support the trial court's

finding that the prosecutrix' in-court identification of defendant as her assailant was based upon her observation of defendant at the scene of the crime and was not the result of viewing a single photograph of defendant shown her by the police or of viewing defendant in an elevator at the police station without his knowledge and while he was unrepresented by counsel.

**5. Criminal Law § 162— exception to exclusion of evidence — record fails to show what answer of witness would have been**

An exception will not be considered on appeal where an objection has been sustained, unless the record discloses what the witness would have said if he had been permitted to answer.

**6. Criminal Law § 102— control of argument by counsel to jury**

Defendant was not prejudiced by trial court's instruction to counsel with reference to his argument to the jury, the control of argument of counsel being left largely to the discretion of the trial court.

**7. Criminal Law § 89— corroborative testimony — slight variances — admissibility**

In this prosecution for assault with intent to commit rape, the trial court did not err in admitting for corroborative purposes testimony by a police officer as to statements made to him by the prosecutrix, notwithstanding defendant's contention that a portion of the officer's testimony was not corroborative of any testimony given by the prosecutrix, since slight variances in corroborating testimony do not render such testimony inadmissible, it being for the jury to determine whether or not the testimony of one witness does in fact corroborate that of another.

APPEAL by defendant from *Bowman, S.J.,* 14 April 1969, Regular Session of GUILFORD Superior Court.

Evidence on behalf of the State tended to show the following. At about 1:00 or 1:30 a.m. on 8 February 1969 the prosecutrix was walking along Walker Avenue in Greensboro, North Carolina. The defendant observed her from a Pontiac automobile which he then parked nearby. The defendant got out of the automobile and stalked prosecutrix on foot for some distance. At one point prosecutrix stopped under a street light and defendant passed within two feet of her. She had an opportunity to observe his face and clothing. Later prosecutrix stopped at a well-lighted area near a sign store and observed the defendant as he approached her from the opposite side of the street and inquired as to the location of a particular street. After telling him that she did not know, prosecutrix walked ahead of the defendant and started to cross the street. The defendant came up from behind, grabbed her by the neck and arm and carried her over some bushes and threw her to the ground. Prosecutrix got up but defendant again threw her to the ground and got on top of her. Prosecutrix screamed and fought defendant, scratching his face.

The area behind the bushes was well lighted by a street light and prosecutrix was again able to see defendant's face. Defendant put his hand up her dress and was trying to remove her underclothing. The defendant jumped up and fled when the lights of two automobiles which had stopped at the stoplight shone on him.

Approximately one hour later prosecutrix talked with H. D. Tolbert, Greensboro police officer. She related the details of the attack and gave Tolbert a description of the automobile, the defendant's general appearance and his clothing. Shortly after 5 a.m. on the same day, Tolbert arrested the defendant at his home at 1421 Vine Street. Clothing similar to that previously described to the officer was found in defendant's room and bathroom. A 1963 Pontiac was parked at the rear of the house. The defendant had scratch marks on his right cheek. The prosecutrix identified the defendant as being the same man who had followed and attacked her.

The defendant offered no evidence.

From a verdict of guilty as charged and the judgment entered thereon, the defendant appeals.

*Attorney General Robert Morgan by Staff Attorney Carlos W. Murray, Jr., for the State.*

*Cahoon and Swisher by Robert S. Cahoon for defendant appellant.*

VAUGHN, J.

**[1, 2]** The defendant has brought forward various assignments of error upon this appeal, one of which is that the court intervened in the direct examination of the prosecuting witness so as to emphasize portions of her testimony which were damaging to the defendant in that it conveyed to the jury the impression that the court was especially impressed by certain testimony and that "the court was with the prosecution." We find no merit to this contention. Generally the court asked the witness to repeat, explain, or clarify portions of her testimony in several instances. The statutory proscription against the trial judge expressing an opinion, G.S. 1-180, prohibits the court from asking questions at any time during the trial which amount to an expression of opinion to what has or has not been shown by the testimony of a witness. *Galloway v. Lawrence,* 266 N.C. 245, 145 S.E. 2d 861. It is not, however, improper for the court to ask questions for the purpose of obtaining a proper understanding and clarification of a witness' testimony as long as the

trial judge does not engage in frequent interruptions and prolonged questioning. *State v. McRae,* 240 N.C. 334, 82 S.E. 2d 67. A trial judge is justified in propounding competent questions in order to develop some relevant fact. *State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858.

The questions asked by the trial judge in the present case were not such that would convey to the jury an opinion of the court. .The questions generally called for the witness to repeat and clarify a prior statement. "The comment made or the question propounded should be considered in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless." *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774. A review of the record and the questions presented by the court, in the light of all the attendant facts and circumstances, calls for the conclusion that the judge's purpose here was one of clarification and the questions were not propounded as expressions of opinion.

[3, 4]   The defendant contends that the court committed error in admitting in evidence, over the defendant's objection, the prosecuting witness' in-court identification of the defendant as her assailant. He contends that the identification was procured by and based upon her having been furnished one photograph of the defendant by the police and from her having viewed the defendant in an elevator at the police station without his knowledge and without counsel. Upon the prosecuting witness being asked to identify her assailant at trial, she was examined on *voir dire* at which time she stated that she looked at the defendant before and during the assault upon her and from these viewings she is now able to identify the defendant as her assailant. She further testified that she had described her assailant to the police before viewing a picture of the defendant at the police station and that she had signed a warrant for the defendant before viewing him at the police station. The witness testified that her in-court identification was based upon the times she had seen the defendant previous to and during the assault. The defendant's assignment of error to the admission of the identification is overruled. Where it appears during the course of a criminal trial that the accused's right to be represented by counsel was violated at an out-of-court lineup identification, the admission in evidence of an in-court identification of the accused is erroneous unless the trial court determines on *voir dire* that such in-court identification had a sufficiently independent origin and was not the result of the illegal out-of-court confrontation. *State v. Stamey,* 3 N.C. App. 200, 164 S.E.

2d 547. There was an abundance of evidence to sustain the trial court's finding of fact that the in-court identification was based upon observation of the suspect at the scene of the crime and not upon an illegal confrontation. *State v. Gatling,* 275 N.C. 625, 170 S.E. 2d 593.

**[5, 6]**     Counsel for defendant, in his cross-examination of the prosecutrix, asked her if she did not intend to spend the night at her boyfriend's apartment. The State's objection was sustained. The defendant duly excepted to the court's ruling and assigns it as error. The record does not disclose what the reply would have been if the witness had been permitted to answer. An exception will not be considered on appeal where an objection has been sustained, unless the record discloses what the witness would have said if he had been permitted to answer. *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342. The defendant's assignment of error based on the court's instruction to counsel with reference to his argument to jury is also overruled. Although wide latitude is allowed in the argument to the jury, the control of the argument of counsel is left largely to the discretion of the trial court. 2 Strong, N.C. Index 2d, Criminal Law, § 102, p. 641. We hold that no error, prejudicial to the defendant, was committed by the trial judge in the exercise of his discretion in this instance.

**[7]**     The defendant objected to and assigns as error the admission of Officer Tolbert's testimony as to the statements the prosecutrix had made to him. On at least three occasions the trial judge instructed the jury that such testimony was not received as substantive evidence, but was offered and admitted solely for the purpose of corroborating the prosecutrix if, in fact, the jury should find that it did corroborate her testimony. The testimony was clearly competent for that purpose. The defendant complains that the officer testified that prosecutrix told him that after the attack she ran toward the lights of an automobile when, in fact, there was no such testimony from the prosecutrix. Slight variances in corroborating testimony do not render such testimony inadmissible. It is for the jury to determine whether the testimony of one witness does corroborate the testimony of another witness. *State v. Case,* 253 N.C. 130, 116 S.E. 2d 429. This assignment of error is overruled.

We have carefully considered the remaining assignments of error brought forward by the defendant, and in our opinion they present no prejudicial error.

No error.

BROCK and BRITT, JJ., concur.