STATE OF NORTH CAROLINA v. CHARLES GRANN McMILLAN

No. 7315SC551

(Filed 14 November 1973)

1. Arrest and Bail § 3— warrantless arrest — reasonable grounds — arrest lawful

Defendant's warrantless arrest for possession of narcotic drugs was lawful where the arresting officer was told by an informer whose information on 25 previous occasions had been reliable that defendant was selling marijuana and heroin at a car wash, that defendant was a colored male operating a Ford Falcon, and that defendant was getting ready to leave the car wash, and where the officer immediately proceeded to the car wash, observed defendant there, watched him leave the scene in his automobile, and arrested him after he had proceeded one block. G.S. 15-41(2).

2. Criminal Law § 84; Searches and Seizures § 1— warrantless arrest — search of defendant — admissibility of drugs

Where defendant's warrantless arrest was lawful, the search of his person incident thereto was also lawful, and drugs seized were admissible in his trial for possession of heroin and marijuana.

3. Criminal Law § 99— expression of opinion by trial judge

In a prosecution for possession of marijuana and heroin, the trial court did not express an opinion in violation of G.S. 1-180 in questioning a witness or in interrupting counsel for defense in his argument to the jury.

APPEAL from *Bailey, Judge,* 5 March 1973 Session of ALAMANCE County Superior Court.

Defendant was charged with possession of heroin and marijuana. The cases were consolidated for trial and defendant pled not guilty. He was found guilty of possession of heroin and not guilty of possession of marijuana.

Officer Hoggard of the Burlington Police Department testified that he arrested defendant for possession of narcotic

drugs. Counsel for defendant moved to suppress the evidence of heroin seized from the person of defendant. Upon the subsequent voir dire examination of Officer Hoggard, the following evidence was received:

At about five o'clock p.m. on the day of the arrest, a reliable confidential informant telephoned Officer Hoggard at his residence and informed him that a man named McMillan was in the parking lot of a car wash on Rawhut Street selling marijuana and heroin. He informed him that McMillan was a colored male and that he was operating a Ford Falcon parked in the car wash parking lot. He said that earlier the same day McMillan had offered to sell drugs to the informant. In addition, the informant told Officer Hoggard that McMillan would only be in the car wash for a few minutes, for he was getting ready to leave.

Officer Hoggard testified that he had known the informant —who was a civilian—for approximately one year. The informant had in the past provided him with information on at least 25 occasions, and in every case the information had proven reliable.

Officer Hoggard thereupon telephoned the police station and notified Officer Garner to meet him at the station. After Officer Hoggard drove to the police station, he and Officer Garner got into a squad car and without first getting a warrant drove to the car wash where they observed McMillan and another man walking to McMillan's car, which was the only Falcon among the four or five cars parked in the lot. The two officers observed McMillan and the other man walking toward McMillan's car. As the two men got in the car and pulled out of the parking lot, the officers followed them and stopped them approximately one block from the car wash. After seeing McMillan's name on his driver's license, Officer Hoggard placed him under arrest for possession of narcotic drugs. He seized an aluminum foil packet containing heroin from McMillan's shirt pocket, and he found a paper bag containing marijuana on the floorboard in the back seat of the car.

At the conclusion of the voir dire examination, the court made the following findings of fact and conclusions of law:

"THE COURT: Having heard the VOIR DIRE of Officer Hoggard, the direct examination by the Solicitor and cross examination by the defense, the Court finds as a fact that

State v. McMillan

at 5 o'clock p.m. on the 10th of December, 1972, Officer Frank Hoggard was at his home. That he was not dressed for duty at that time. That shortly after five p.m. he received a telephone call from an informant who had on at least twenty-five prior occasions furnished him with accurate information. That on no prior occasion had this informant furnished him with inaccurate information. That the informant advised him that the defendant in this case Charles G. McMillan was located at a car wash selling narcotic drugs and was a colored male, driving a Ford Falcon automobile. Officer Hoggard called another officer at the police department, dressed and proceeded at once to the police department where he picked up his Senior Officer and proceeded to the site of the car wash. That upon approaching the car wash he observed a colored male walking toward a Ford Falcon automobile. That as he came into the car wash driveway, the defendant McMillan, driving a Ford Falcon, departed from the other driveway.

That Officer Hoggard, together with Officer Garner pursued the defendant in the Falcon automobile and stopped him and placed the defendant under arrest for the possession of narcotic drugs.

That he conducted a search of the person of the defendant and found in his shirt pocket wrapped in foil, enclosed in an envelope one bindle (standard dose) of heroin, and in the rear of the car on the right floorboard a bag of green vegetable substance, later determined to be marijuana.

The Court further finds, orders, adjudges, and decrees that the arrest of the defendant McMillan was a justifiable arrest by an officer having reasonable grounds to believe that a felony had been committed and that the arrested person had committed the same. That the opportunity for pursuing a search warrant did not exist because of the time factors involved, the officer having been informed that the defendant was fixing to leave the scene in his original information. Further, that the defendant was in a moving automobile which is by its nature a highly mobile situation. The evidence procured on the search will be admitted into evidence."

Officer Hoggard further testified that he warned McMillan of his constitutional rights, and McMillan confessed that he

had gotten the heroin from a boy at Elon College. During defense counsel's argument to the jury, the trial court corrected counsel by informing the jury that the court—not the jury—was "sitting in judgment."

From a judgment of conviction, defendant appeals, assigning as error the failure of the court to suppress the evidence of the heroin and the court's comment on the evidence.

*Attorney General Morgan, by Assistant Attorney General Lake, for the State.*

*Lee, High, Taylor, Dansby, and Stanback, by Herman L. Taylor and Leroy W. Upperman, Jr., for defendant appellant.*

MORRIS, Judge.

[1]   In order to hold that the heroin seized from the person of defendant was properly admitted into evidence, we must first determine whether the warrantless arrest was proper under G.S. 15-41 (2). We hold that it was proper.

G.S. 15-41 (2) provides that a peace officer may arrest without a warrant

"When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

The testimony of Officer Hoggard on voir dire is ample to justify this warrantless arrest. The information provided by the reliable confidential informer was that a black man named McMillan was selling narcotics in the parking lot of a car wash on Rawhut Street and that he was operating from a Ford Falcon automobile. Reasonable ground for belief—which is an element of the officer's right to arrest under G.S. 15-41 (2)—may be based on information given the officer by another if the source is reasonably reliable. *State v. Roberts,* 276 N.C. 98, 171 S.E. 2d 440 (1970). The information furnished Officer Hoggard as well as his observation of the defendant's leaving the car wash is sufficient to provide reasonable ground to believe the defendant would evade arrest if not immediately taken into custody.

[2]   Since the warrantless arrest is lawful, the search of defendant's person incident thereto is also lawful, and the drugs seized are admissible into evidence. *State v. Woody,* 277 N.C. 646, 178 S.E. 2d 407 (1971) ; *State v. Dobbins,* 277 N.C. 484, 178 S.E. 2d 449 (1971) ; *State v. Roberts, supra.*

[3]   Defendant also contends that the trial court violated G.S. 1-180 by taking over the examination of Officer Hoggard and in interrupting counsel for defendant in his argument to the jury. While G.S. 1-180 prohibits a trial judge from expressing an opinion on what has been shown by a witness' testimony, it is not improper for the court to ask questions for the purpose of clarifying testimony. *State v. Williams,* 17 N.C. App. 31, 193 S.E. 2d 478 (1972) ; *State v. Huffman,* 7 N.C. App. 92, 171 S.E. 2d 339 (1969). There has been no prejudice to defendant by the court's questioning of the witness; likewise, there is no prejudice in the court's interrupting counsel for defense in his argument to the jury.

Affirmed.

Judges BRITT and HEDRICK concur.