NAPIER v. HIGH POINT BANK & TRUST CO.

[100 N.C. App. 390 (1990)]

———————————

KAY CHANDLER NAPIER AND BENNETT EDWARD NAPIER, II v. HIGH POINT BANK & TRUST COMPANY, INDIVIDUALLY AND AS ADMINISTRATOR CTA OF THE ESTATE OF MARY BLANKENSHIP CLODFELTER, DECEASED; AND HENRY HAZEL CLODFELTER

No. 9018SC47

(Filed 2 October 1990)

1. **Banks and Other Financial Institutions § 55 (NCI4th) — certificate of deposit — joint tenants — no right of survivorship**

Funds represented by a certificate of deposit were not held as joint tenants with right of survivorship where defendant did not contend that he signed anything when the certificate of deposit was purchased, but relied on the fact that the money used to purchase the certificate had been withdrawn from a survivorship account with another bank, Wachovia Bank and Trust Company. That signature card refers to the Wachovia account and was not a sufficient separate instrument as contemplated by the statute to govern those funds after they were withdrawn and used to purchase the High Point Bank certificate. It was noted that the General Assembly has provided for alternative methods of creating rights of survivorship in joint accounts effective 1 July 1989. N.C.G.S. § 53-146.1. N.C.G.S. § 41-2.1(a).

**Am Jur 2d, Banks §§ 369, 372, 385.**

**Creation of joint savings account or savings certificate as gift to survivor. 43 ALR3d 971.**

**2. Banks and Other Financial Institutions § 55 (NCI4th) — certificate of deposit — joint account — prior ownership**

Funds held jointly in a certificate of deposit did not belong wholly to defendant, the survivor, where defendant claimed that the funds were his because they were his before they were deposited. Nothing else appearing, money deposited in the bank to the joint credit of two people is presumed to belong one-half to each.

**Am Jur 2d, Banks § 377.**

**Creation of joint savings account or savings certificate as gift to survivor. 43 ALR3d 971.**

APPEAL by defendant Clodfelter from judgment entered 9 November 1989 in GUILFORD County Superior Court by *Judge Lester P. Martin.* Heard in the Court of Appeals 28 August 1990.

Defendant Clodfelter's wife died, devising the bulk of her estate to plaintiffs. Defendant filed a dissent from this will, and applied for a widower's year's allowance. An agreement was signed between defendant Clodfelter, plaintiffs, and defendant Bank as Administrator purporting to settle all claims of the parties.

Plaintiffs filed a declaratory judgment action against defendant Bank seeking the return of certain moneys claimed to have been wrongfully distributed from the estate to defendant Clodfelter. Defendant Bank answered, denying that it had distributed the money claimed, and praying that defendant Clodfelter be joined as a party defendant, and that defendant and plaintiffs be ordered to interplead their claims to the sum in dispute.

The money in question consisted of one-half of the funds in two joint accounts held in the name of defendant Clodfelter and the decedent. Defendant Clodfelter claimed that both accounts were survivorship accounts, and that even if they were not, he was entitled to the funds based on his ownership of them before they were deposited in the accounts. Plaintiffs denied that the accounts were joint with right of survivorship, and claimed that the settlement agreement barred defendant Clodfelter from asserting any other claim to the funds.

Summary judgment was entered 9 November 1989 in defendant Clodfelter's favor as to one of the accounts, the trial court declaring that the funds in that account had been held by defendant

and decedent as joint tenants with right of survivorship. Neither side appealed this part of the order.

Summary judgment was entered in plaintiffs' favor as to the other account (a certificate of deposit issued by defendant Bank). The court declared that the funds represented by this certificate of deposit had not been held as joint tenants with right of survivorship, and that the estate was entitled to half. Defendant Clodfelter appeals. Defendant Bank has filed an appeal in order to protect its position as the stakeholder, but has assigned no error and advanced no position other than its desire to distribute the funds in compliance with the law.

*McNairy, Clifford, Clendenin & Parks, by R. Walton McNairy, and James Dale Shepherd for plaintiff-appellees.*

*Wyatt, Early, Harris, Wheeler & Hauser, by William E. Wheeler, for defendant-appellant Henry Hazel Clodfelter.*

*Hugh C. Bennett, Jr. for defendant-appellant High Point Bank & Trust Co., Administrator, CTA, of the estate of Mary Blankenship Clodfelter, Deceased.*

*Keziah, Gates & Samet, by Jan H. Samet, for defendant-appellant High Point Bank & Trust Company, Individually.*

WELLS, Judge.

When a motion for summary judgment is granted, "the critical questions for determination upon appeal are whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law." *Oliver v. Roberts*, 49 N.C. App. 311, 271 S.E.2d 399 (1980), *cert. denied*, 276 S.E.2d 283 (1981). Defendant Clodfelter assigns error to the court's entry of summary judgment in favor of plaintiffs instead of him regarding the ownership of the funds represented by the High Point Bank certificate of deposit. Alternatively, defendant Clodfelter assigns error to the entry of summary judgment on the grounds that genuine issues of material fact exist regarding the settlement agreement. We affirm.

[1] In granting summary judgment in favor of plaintiffs, the court found:

The funds represented by High Point Bank & Trust Company certificate of deposit number 016997 were not held by Henry

Hazel Clodfelter and Mary B. Clodfelter as joint tenants with right of survivorship. As a result, at the death of Mary B. Clodfelter, one-half of those funds became the property of Henry Hazel Clodfelter and the remaining one-half became the property of the Estate of Mary B. Clodfelter. Plaintiffs' [sic] are entitled to judgment as a matter of law to that effect, and plaintiffs' [sic] are entitled to summary judgment to that extent.

Defendant Clodfelter's first claim is that the court erred in ruling that the funds represented by the High Point Bank certificate were not held by him and his wife as joint tenants with the right of survivorship. We disagree.

Parties who wish to create a right of survivorship in a joint bank account must comply with the requirements of N.C. Gen. Stat. § 41-2.1(a):

A deposit account may be established with a banking institution in the names of two or more persons, payable to either or the survivor or survivors. . . when both or all parties have signed a written agreement, either on the signature card or by separate instrument, expressly providing for the right of survivorship.

This statute applies to the purchase of certificates of deposit, and has been strictly construed. *See In re Estate of Heffner*, 99 N.C. App. 327, 392 S.E.2d 770 (1990).[1]

Defendant does not contend that he signed anything when the certificate of deposit was purchased. He relies on the fact that the money used to purchase the certificate had been withdrawn from a survivorship account with Wachovia Bank and Trust Company, and claims that the signature card from *that* account, which both he and his wife signed, constitutes a sufficient separate instrument to fall within the statute. Assuming *arguendo* that survivorship accounts may be established by methods other than the contemporaneous execution of a signature card, there must be some evidence, however, either on the face of the claimed agreement or the documents setting up the account that what is being put

---

1. Effective 1 July 1989, the General Assembly has provided for alternative methods of creating rights of survivorship in joint accounts. *See* N.C.G.S. § 53-146.1 (Banks). G.S. § 54B-129 and G.S. § 54-109.58, dealing with survivorship rights in savings and loans and credit union accounts, have also been substantially revised.

forward as the survivorship agreement was intended to govern the particular account in question.

In *Threatte v. Threatte*, 59 N.C. App. 292, 296 S.E.2d 521 (1982), *disc. rev. withdrawn as improvidently granted*, 308 N.C. 384, 302 S.E.2d 226 (1983), plaintiff and intestate had purchased a money market savings certificate with intestate's funds. The signature card signed by both provided for survivorship rights. The certificate matured, and was renewed in a larger amount by purchase of a new certificate in intestate's name alone. This Court held that the funds were still held in a survivorship account at intestate's death, and belonged to plaintiff. The new certificate number had been placed in the upper right corner of the original signature card. This evidence, coupled with deposition testimony regarding intestate's intentions, supported the conclusion that the original signature card controlled the proceeds represented by the second certificate.

In this case, there is nothing on the face of the certificate or the signature card of the previous account to indicate that its provisions were intended to control the funds represented by the certificate. That signature card refers specifically to the Wachovia account. It is not a sufficient separate instrument as contemplated by the statute to govern those funds after they were withdrawn and used to purchase the High Point Bank certificate. The funds represented by this certificate were not held as joint tenants with right of survivorship.

[2] Defendant Clodfelter's next contention is that even if the funds were not held in a survivorship account, they belong to him since they were his before they were deposited. We see no merit to this contention. The certificate lists "H. H. Clodfelter or Mary B. Clodfelter" as depositors. Nothing else appearing, money deposited in the bank to the joint credit of two people is presumed to belong one-half to each. *McAulliffe v. Wilson*, 41 N.C. App. 117, 254 S.E.2d 547 (1979). Defendant Clodfelter seeks to rebut the presumption by claiming ownership of the funds. This theory of ownership is directly contrary to our holding in *Heffner*, *supra*, and we summarily reject it.

We hold that the forecast of evidence in this case established that Mary Clodfelter's estate was entitled to one-half of the proceeds of the High Point Bank certificate and that the estate was entitled to summary judgment on that issue.

MUDUSAR v. V. G. MURRAY & CO.

[100 N.C. App. 395 (1990)]

The family settlement agreement is irrelevant to the disposition of this case. Defendant Clodfelter's second assignment of error is accordingly overruled.

Affirmed.

Judges EAGLES and LEWIS concur.