TIMOTHY S. HOLLOWAY, JR., PLAINTIFF v. WACHOVIA BANK & TRUST COMPANY, N.A., DEFENDANT, AND WACHOVIA BANK & TRUST COMPANY, N.A., THIRD-PARTY PLAINTIFF v. MARCIA CRISP COLEMAN, INDIVIDUALLY AND IN HER CAPACITY AS ADMINISTRATRIX OF THE ESTATE OF ROUNTREE CRISP, SR., THIRD-PARTY DEFENDANT

No. 915SC294

(Filed 3 December 1991)

### Gifts § 1 (NCI3d) — certificate of deposit — language of agency — elements of gift absent

The trial court properly granted summary judgment for defendant in an action to recover the amount of a certificate of deposit plus interest where the certificate was found in the safe deposit box of Rountree Crisp after his death; the

HOLLOWAY v. WACHOVIA BANK AND TRUST CO.

[104 N.C. App. 631 (1991)]

certificate was issued to "Timmy S. Holloway, Jr. by Rountree Crisp, Agent"; plaintiff's mother and grandmother endorsed the certificate as administratrices of Mr. Crisp's estate; defendant paid them upon the endorsement; and plaintiff brought this action upon his majority. Each of the elements of a gift *inter vivos* fails in that Mr. Crisp's intent to relinquish control is negated by the portion of the statement found on the certificate, "by Rountree Crisp, Agent," which is indicative of an intent to retain some degree of control; neither plaintiff nor his mother was aware of the existence of the certificate until it was found in the safe deposit box, so that no delivery, actual or constructive, occurred; and none of the statutory provisions applicable to certificates of deposit have bearing upon this situation. The language on the certificate of deposit is that of an agency and, when Mr. Crisp died, the agency terminated and the funds became a part of his estate.

Am Jur 2d, Agency §§ 17 et seq.; Banks §§ 455 et seq.; Gifts §§ 17, 20 et seq.

Delivery of personalty to third person with directions to deliver to donee after donor's death as valid gift. 57 ALR3d 1083.

APPEAL by plaintiff from order entered 14 December 1990 by *Judge Ernest B. Fullwood* in NEW HANOVER County Superior Court. Heard in the Court of Appeals 17 October 1991.

On 13 October 1975 defendant issued a $20,000.00 certificate of deposit, No. 197633, to "Timmy S. Holloway, Jr. by Rountree Crisp, Sr., Agent." Plaintiff was a minor at the time of issuance. The certificate of deposit was found in Mr. Crisp's safe deposit box after his death on 5 April 1978. On 11 April 1980 Marcia Crisp Coleman, plaintiff's mother, and Mrs. Crisp, plaintiff's grandmother, endorsed the certificate of deposit as administratrices of Mr. Crisp's estate. Defendant paid them upon this endorsement.

Plaintiff demanded payment from defendant for the face amount of the certificate of deposit plus accrued interest after obtaining his majority on 5 September 1987. Following defendant's refusal to comply, plaintiff filed this action. From the trial court's order granting summary judgment for defendant, plaintiff appeals.

**HOLLOWAY v. WACHOVIA BANK AND TRUST CO.**

[104 N.C. App. 631 (1991)]

*Maupin Taylor Ellis & Adams, P.A., by Karon B. Thornton, Daniel K. Bryson and James E. Gates, for plaintiff-appellant.*

*Stevens, McGhee, Morgan, Lennon & O'Quinn, by Richard M. Morgan, for defendant-appellee.*

*No brief filed by third-party defendant Marcia Crisp Coleman.*

ARNOLD, Judge.

Plaintiff contends the trial court erred in denying his motion for summary judgment and allowing defendant's motion for summary judgment as to the proceeds of the certificate of deposit issued to "Timmy S. Holloway, Jr. by Rountree Crisp, Sr., Agent." No triable issue of fact exists and neither party disputes the case is appropriate for summary judgment.

Ownership of the certificate of deposit is controlled by the law of gifts. The burden of proof is upon plaintiff to show each element of the gift *inter vivos. Fesmire v. First Union Nat. Bank of N.C.,* 267 N.C. 589, 148 S.E.2d 589 (1966).

> The essential elements of a gift *inter vivos* are: (1) the intent by the donor to give the donee the property in question so as to divest himself immediately of all right, title and control therein; and (2) the delivery, actual or constructive, of the property to the donee. 6 Strong's N.C. Index 3d, Gifts § 1 (1977).

*Plymouth Pallet Co., Inc. v. Wood,* 51 N.C. App. 702, 704, 277 S.E.2d 462, 464, *review denied,* 303 N.C. 545, 281 S.E.2d 393 (1981).

Each of these elements fails in regard to the certificate of deposit. Mr. Crisp's intent to relinquish control is negated by the portion of the statement found on the certificate of deposit, "by Rountree Crisp, Sr., Agent." Such language is indicative of an intent to retain some degree of control over the certificate of deposit. Neither plaintiff nor his mother was aware of the existence of the certificate of deposit until it was found in Mr. Crisp's safe deposit box after his death. No delivery, actual or constructive, occurred.

Of the various statutory provisions applicable to certificates of deposit, none have bearing upon this situation. North Carolina General Statute § 41-2.1(a) (1984) requires a signed writing that expressly provides for the right of survivorship. *O'Brien v. Reece,* 45 N.C. App. 610, 263 S.E.2d 817 (1980). "This statute applies to

the purchase of certificates of deposit, and has been strictly construed." *Napier v. High Point Bank & Trust Co.*, 100 N.C. App. 390, 393, 396 S.E.2d 620, 622 (1990) (citation omitted). Mr. Crisp did not fill out or sign the survivorship provision on the certificate of deposit.

Nothing in the record suggests Mr. Crisp attempted to establish either a trust account pursuant to N.C. Gen. Stat. § 53-146.2 (1990) or a personal agency account pursuant to N.C. Gen. Stat. § 53-146.3 (1990). There is no evidence of a transfer or assignment of a present beneficial interest. Nor does the language used comply with the requirements of a will. N.C. Gen. Stat. § 31 (1984).

In an analogous situation to the case *sub judice*, an individual deposited money in an account in the name of himself "or" another person.

> [T]he term "or," absent evidence of a separate agreement or a gift, merely creates an agency in the other person to withdraw such funds, and upon the depositor's death the agency terminates and the funds become a part of the depositor's estate. *Hall v. Hall*, 235 N.C. 711, 71 S.E.2d 471 (1952); *Nannie v. Pollard*, 205 N.C. 362, 171 S.E.2d 341 (1933). Thus, in this case, nothing in the certificate of deposit serves to comply with G.S. 41-2.1(a) requiring a signed writing that expressly provides for the right of survivorship.

*O'Brien*, 45 N.C. App. at 618, 263 S.E.2d at 821. There is no evidence plaintiff provided any funds for the purchase of the certificate of deposit. The language on the certificate of deposit is that of an agency. When Mr. Crisp died, the agency terminated and the funds became a part of his estate.

In view of the foregoing discussion, we decline to address plaintiff's second contention. The trial court's order is affirmed.

Affirmed.

Judges COZORT and LEWIS concur.