MRS. VERNON HARDEN v. FIRST UNION NATIONAL BANK OF NORTH CAROLINA, ET ALS.

No. 756DC580

(Filed 17 December 1975)

Husband and Wife § 2— antenuptial agreement — effect on joint bank account

> Where an antenuptial contract provided that the wife would receive $10,000 as her full share of the husband's estate, and the husband and wife after their marriage entered a contract establishing a joint bank account with right of survivorship, the joint bank account was not subject to the antenuptial contract and the surviving wife was entitled to the proceeds of the joint bank account as well as to the $10,000 under the husband's will.

APPEAL by defendant from *Blythe, Judge*. Judgment entered 22 April 1975 in District Court, HERTFORD County. Heard in the Court of Appeals 21 October 1975.

Plaintiff, widow of Vernon Harden, brought this action to recover funds which were on deposit in a joint bank account in First Union National Bank. The facts are not in dispute.

On 3 July 1969, Vernon Harden and Bessie Lee O'Berry entered into an antenuptial contract. The contract provided that the parties intended to be married and that it was mutually agreed that neither party "by reason of said contemplated marriage hereinafter to be consummated shall have or take any right, title or interest in and to the property of the other, either during their lives or after the death of either except as hereinafter set out:". The agreement further provided that in consideration of the proposed marriage and "the considerations herein stipulated to be paid from the estate of the intended husband, that so far as is legally possible by their private act and agreement, all property belonging to either of them at the commencement of their marriage or coming to either of them during their marriage shall be and be (sic) enjoyed by him or her and be subject to his or her disposition as his or her separate property in the same manner as if the said proposed marriage had never been celebrated." The parties agreed that the intended wife would be paid $10,000 by the intended husband's executor if the wife survived the husband. The wife released all other property of the intended husband at his death from any claims, demands, or rights she might have under the laws existing at the time of the husband's death.

The couple was married on 4 July 1969. On 19 April 1971, they established a joint bank account in the Bank of Windsor, now First Union National Bank. They entered into an agreement which provided:

"We agree and declare that all funds now, or hereafter deposited in this account are and shall be our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by or upon the order of either of us or the survivor.

It is especially agreed that withdrawal of the funds by the survivor shall be binding upon us and upon heirs, next of kin, legatees, assigns, and personal representatives."

On 22 February 1972, Vernon Harden died. At that time the funds on deposit in the joint account amounted to $3801.77. By his will, he directed his executrix to pay his wife $10,000, "which is the amount she and I agreed upon in an agreement duly executed before our marriage and in contemplation of marriage, which shall be in full of her share in my estate."

The executrix paid the wife, plaintiff herein, the $10,000 as directed.

On 16 October 1972, plaintiff attempted to cash a check in the amount of $1900.88 drawn on the joint bank account but found that the bank had paid all the funds on deposit in the account to the executrix, and the account had been closed. Whereupon, plaintiff brought an action to recover one-half the funds on deposit at the date of Vernon Harden's death, represented by the dishonored check. The bank answered admitting that the funds had been paid to the executrix, denying that plaintiff was entitled thereto, and asking that the executrix be made a party. The executrix interpleaded and denied that plaintiff was entitled to the funds, averring that under the antenuptial agreement and will of Vernon Harden, plaintiff was entitled only to the $10,000 which had been paid to her.

Plaintiff, on motion, was allowed to amend her complaint to seek recovery from the executrix of the balance of the funds which would have remained in the account had the check presented been paid.

All parties filed motions for summary judgment. The court apparently did not rule upon any of the motions, but "upon the pleadings, exhibits, stipulations and briefs of all the parties; without benefit of jury and outside the regular October 1973 Term of Hertford County District Court, Civil Session, by agreement, consent and stipulation of all the parties," found facts, made conclusions of law, and entered judgment for plaintiff. Defendants appealed.

*Law Firm of Carter W. Jones, by Ralph G. Wiley III, for plaintiff appellee.*

*Pritchett, Cooke & Burch, by J. A. Pritchett and William W. Pritchett, Jr., for defendant appellant.*

MORRIS, Judge.

Defendants contend that the terms of the antenuptial contract and the terms of Vernon Harden's will require a holding

that plaintiff is not entitled to any portion of the funds in the joint bank account. Plaintiff agrees that the antenuptial contract is valid and enforceable, and she has accepted the payment of $10,000 under its terms and the terms of Vernon Harden's will. She insists that she is also entitled to the funds on deposit in the joint bank account.

The antenuptial agreement clearly contemplated that each party desired to continue to own, in the same manner, after their marriage any property owned by him or her individually before the marriage. It was further specifically provided that, with respect to any property coming to either of them after the marriage, each would own such property as though there had been no marriage between them. It was agreed that if plaintiff survived her husband, she would be paid $10,000 by her husband's executrix, and she released all other "property of the intended husband at his death" from any claims, demands, or rights she might have.

Antenuptial contracts are not against public policy and should be enforced as written. *Turner v. Turner*, 242 N.C. 533, 89 S.E. 2d 245 (1955). The contract here as written clearly intended to protect to each his or her separate property and to preclude plaintiff from taking any property owned by Vernon Harden at his death other than the $10,000 for which the agreement specifically provided. The question we must decide is: What effect, if any, does the antenuptial contract have upon the joint bank account?

G.S. 41-2.1 provides for the establishment of joint bank accounts with the right of survivorship if the account is established in accordance with the provisions of the statute. There is no question but that the requirements of the statute have been met. The parties entered into a written agreement which both parties executed. They agreed that all funds deposited in the account should be their joint property, owned by them as joint tenants with right of survivorship and not as tenants in common; that upon the death of either, the funds should become the absolute property of the survivor, that all or any part of the funds could be withdrawn by either or the survivor; that all withdrawals by the survivor should be binding upon them, their heirs, next of kin, legatees, assigns and personal representatives. Although the court found as a fact that deposits were made by both, there is no evidence in the record to show the source of any deposit, including the original deposit. While the

---

---

finding is not supported by evidence and is error, it is immaterial to decision and, therefore, harmless.

In *Wilson County v. Wooten,* 251 N.C. 667, 669-670, 111 S.E. 2d 875 (1960), Justice Denny said:

"The survivorship in joint tenancies by operation of law has been abolished in this jurisdiction. G.S. 41-2. However, such a tenancy may be created by contract. (Citations omitted.)

Under common law principles applicable to joint tenancies the survivor takes the entire property, free and clear of the claims of heirs or creditors of the deceased tenant, and the personal representative of such tenant has no right, title or interest therein." (Citations omitted.)

Here, if either party wished to own the funds represented by the joint account, it would have been a simple matter to establish a bank account in the name of the one owning the funds. This was not done. Instead the two parties entered into a contract under which both owned all or any part of the funds during their lives, and the survivor owned that which was remaining. This was clearly not protected by the antenuptial contract but was the subject of a separate contract between the parties entered into sometime after the antenuptial contract.

"It is well settled law that the parties to a contract, no rights of third parties having intervened, may rescind it, or substitute another contract for it, by making a new contract inconsistent therewith. *Redding v. Vogt,* 140 N.C. 562, 53 S.E. 337, 6 Anno. Cas. 312. The making of a second contract dealing with the same subject matter does not, however, necessarily abrogate the former contract. *Bank v. Supply Co.,* 226 N.C. 416, 38 S.E. 2d 503.

A new contract between the same parties which contains nothing inconsistent with the older one does not discharge the latter. *Drown v. Forrest,* 63 Vt. 557, 22 A. 612, 14 L.R.A. 80; 12 Am. Jur., Contracts, Sec. 433; 17 C.J.S., Contracts, p. 885." *Turner v. Turner, supra,* at 538.

In our view, the second contract is a separate, distinct, and valid contract not dealing with the separate property of either party. Nor does the will of Vernon Harden vitiate the contract. It directs his executrix "to pay my wife the sum of

Ten Thousand Dollars ($10,000), which is the amount she and I agreed upon in an agreement duly executed before our marriage and in contemplation of marriage, which shall be in full of her share in my estate." The funds in the joint bank account were neither "property of the intended husband at his death" under the antenuptial contract nor funds belonging to his "estate" under the will. They were funds made the subject of a separate contract which made the funds the property of both with right of survivorship and which specifically made withdrawal of funds by the survivor binding upon the heirs, legatees, and personal representatives of the deceased. This contract was an agreement in addition to the antenuptial contract and served to take those funds out of that part of the estate of either of the parties to the contract which could be the subject to a devise or legacy.

The court found that the estate of Vernon Harden was "very solvent and can absorb all debt without resort to the funds of the joint bank account." The parties stipulated that the executrix would pay any liability imposed by the court. The court concluded that plaintiff is entitled to the full amount remaining on deposit at Vernon Harden's death, plus interest thereon at the rate of 6% from February 1972. In this we find no error.

Affirmed.

Judges PARKER and MARTIN concur.