MARIAH MOORE v. NELLIE GALLOWAY, ADMINISTRATRIX OF THE ESTATE OF WALTER NATHANIEL GALLOWAY, DECEASED, AND THE NORTHWESTERN BANK, A BODY CORPORATE

No. 7717SC280

(Filed 21 February 1978)

**Banks and Banking § 4— status of bank account—joint account—summary judgment**

In an action to determine the status of a bank account wherein plaintiff alleged that the account contained only the property of deceased and that deceased's heirs at law are entitled to the funds in the account, summary judgment was properly entered for defendant who contended that the account was a joint account with right of survivorship in deceased's brother.

APPEAL by plaintiff from *Long, Judge*. Judgment entered 19 November 1976 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 1 February 1978.

The plaintiff filed her complaint for a declaratory judgment as to the status of a bank account with defendant, Northwestern Bank, in Madison. The plaintiff alleged that the bank account contained the property of the deceased, Charlie Galloway, solely, and that his heirs at law are entitled to the funds in the account.

The defendant, Walter Galloway, answered, alleging that the account was a joint account with right of survivorship in himself. Walter Galloway subsequently died, and his answer was adopted by Nellie Galloway, administratrix of the estate of Walter Galloway, who thereafter filed a motion for summary judgment, which was allowed, and the plaintiff appealed.

*Herman L. Taylor, for the plaintiff appellant.*

*Griffin, Post, Deaton & Horsley, by W. Edward Deaton and Albert J. Post, for the defendant, Nellie Galloway, appellee.*

ERWIN, Judge.

The plaintiff contends that the court erred in granting the motion of the defendant-administratrix for summary judgment. We do not agree.

At the hearing on the motion for summary judgment, the defendant presented supporting affidavits of Verlie Knight and Peggy Dalton, both bank employees, stating in substance that they witnessed the execution of the joint account on 11 March 1975 by Charlie and Walter Galloway. The trial court permitted oral testimony at the hearing as provided for in G.S. 1A-1, Rule 43(e), *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Mrs. Verlie Knight testified as a witness for the defendant that she ". . . told Charlie that now if they sign at the bottom of the card this was putting this account in a joint account for right of survivorship and that if anything happened to him then the money in turn Walter would get half at his death and as soon as his estate was settled it would be his, so he asked me then to write his name on the line and I put the card outside the window (teller's) and that is why Walter's name, he signed it on two lines. We put Charlie's name under the bottom." The signature card in-

troduced into evidence verified the contentions of the defendant. The card provided, in part, "This agreement is governed by the provisions of Section 41-2.1 of the General Statutes of North Carolina." The language of the joint account is virtually identical to that of G.S. 41-2.1(g). Further, G.S. 41-2.1(b)(3) is controlling here and provided prior to the 1977 amendment that:

> "Upon the death of either or any party to the agreement, the survivor, or survivors, becomes the sole owner, or owners, of the entire unwithdrawn deposit subject to the claims of the creditors of the deceased and to governmental rights in that portion of the unwithdrawn deposit which would belong to the deceased had said unwithdrawn deposit been divided equally between both or among all the joint tenants at the time of the death of said deceased."

In our opinion, the defendant successfully carried her burden on the motion for summary judgment by supporting proof that there was a joint account with the right of survivorship. It then became incumbent upon the plaintiff to take affirmative steps to defend her position by offering proof of her own that there was a genuine issue of fact for trial. *See* G.S. 1A-1, Rule 56(e). This the plaintiff has failed to do. "If the defendant successfully carries his burden of proof, the plaintiff may not rely upon the bare allegations of his complaint to establish triable issues of fact, but must, by affidavits or otherwise, as provided by Rule 56, set forth specific facts showing that there is a genuine issue for trial." *Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696 at 699, 179 S.E. 2d 865 at 867 (1971).

The plaintiff contends further that the summary judgment entered below contained findings of fact, although labeled undisputed by the court, which are in fact disputed by the plaintiff, and which plaintiff contends in and of themselves demonstrate that the cause was not the proper subject for resolution by summary judgment. If findings of fact are necessary to revolve an issue as to a material fact, summary judgment is improper. This court held in *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E. 2d 162, 164-165 (1975) that:

> "After the hearing on plaintiff's motion for summary judgment under Rule 56, the trial judge proceeded to make what he termed 'Findings of Fact.' Summary judgment

should be entered only where there is no genuine issue as to any material fact. If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. There is no necessity for findings of fact where facts are not at issue, and summary judgment presupposes that there are no triable issues of material fact. Although findings of fact are not necessary on a motion for summary judgment, it is helpful to the parties and the courts for the trial judge to articulate a summary of the material facts which he considers are not at issue and which justify entry of judgment. The 'Findings of Fact' entered by the trial judge, insofar as they may resolve issues as to a material fact, have no effect on this appeal and are irrelevant to our decision. *See Lee v. King*, 23 N.C. App. 640, 643, 209 S.E. 2d 831 (1974); *Eggimann v. Board of Education*, 22 N.C. App. 459, 464, 206 S.E. 2d 754 (1974); 6 Moore's Federal Practice ¶ 56.02[11] (2d ed. 1974)."

We hold that the findings of fact here were not necessary to resolve any issues as to a material fact, that the defendant has shown that there was no genuine issue as to any material fact, and that the granting of the defendant's motion for summary judgment was proper.

Affirmed.

Judges VAUGHN and CLARK concur.