EUTAW SHOPPING CENTER, INC. v. MARILYN E. GLENN, D/B/A MODERN BRIDAL SHOPPES

No. 7812SC153

(Filed 5 December 1978)

1. **Landlord and Tenant § 19— abandonment of leased premises—action for rent —written notice not condition precedent**

   Written notice of nonpayment of rent as required under the terms of a lease was not a condition precedent to an action by the landlord against the tenant for rent based on the tenant's abandonment of the leased premises.

2. **Landlord and Tenant § 19— action for rent—abandonment of premises—mitigation of damages—actual rent collected**

   In an action for rent against a lessee who had abandoned the leased premises, the trial court properly subtracted from the award of damages the actual rent collected by plaintiff from another tenant rather than the reasonable rental value of the premises.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 3 October 1977 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 November 1978.

Plaintiff leased the defendant one unit in its shopping center, the lease to be in effect through December 1979. Plaintiff alleges that on 31 July 1975 defendant abandoned the leased premises and has refused to pay the rent accruing for the remainder of the term. Defendant answered that plaintiff had accepted her surrender of the premises, and that a new store had opened there in January 1976.

Defendant moved for "Summary Judgment or dismissal" on the ground that plaintiff failed to allege that it had given defendant written notice of past due rent, as required by the lease agreement. In reply plaintiff tendered an affidavit of compliance with the lease provision and denied that such compliance was required.

No ruling on the motion appears, but the case proceeded to trial; the court found as fact that defendant abandoned the premises without justification, and paid no rent since, and that plaintiff had since received $3,177.60 in rent from another tenant. The court concluded that defendant was liable for rental through the date of the judgment less the $3,177.60, and rent for the remainder of the term "less the actual rental collected by the plaintiff in mitigation of damages." Defendant appeals.

*Butler, High & Baer, by Keith L. Jarvis, for plaintiff appellee.*

*Downing, David, Vallery & Maxwell, by Edward J. David, for defendant appellant.*

ARNOLD, Judge.

Defendant first argues that her motion "for Summary Judgment or dismissal" should have been granted. Summary judgment would clearly have been improper, since there were material areas of dispute in which the trial court made findings of fact. " 'If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper.' " *Moore v. Galloway*, 35 N.C. App. 394, 397, 241 S.E. 2d 386, 387 (1978).

[1] Nor should the court have granted the motion to dismiss the action pursuant to G.S. 1A-1, Rule 12(b)(6). The complaint alleged that defendant "offered to surrender the leased premises to Plaintiff, abandoned the leased premises, . . . and refused to pay and

still refuses to pay the rentals accruing. . . ." Defendant contends that it was necessary that the complaint allege plaintiff's compliance with paragraph 32(c) of the lease. Paragraph 32 sets out "Events of Default" which "shall constitute a breach of this Lease Agreement on the part of Tenant." Included among the events of default is subparagraph (c): "The failure of Tenant to pay any rent payable under this Lease Agreement and the continued failure to pay the same for ten (10) days or more after written notice of such failure of payment given to Tenant by Landlord." Defendant's view is that such written notice of nonpayment of rent is a condition precedent to a cause of action here.

We disagree. Our Supreme Court has made clear that a complaint should not be dismissed " 'unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.' " *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970). In the case before us the complaint does not allege mere nonpayment of rent, but abandonment, for which there is no condition precedent in the lease. Since it does not appear to a certainty that plaintiff was entitled to "no relief under any state of facts," dismissal would have been improper. *See Benton v. Weaver Construction Co.*, 28 N.C. App. 91, 220 S.E. 2d 417 (1975).

Defendant also assigns as error the alleged failure of the trial judge to find that plaintiff made a bona fide and reasonable effort to mitigate damages. However, the judge found as fact

> 7. That the Plaintiff has received from Mrs. Romelia Rothrock the total sum of Three Thousand One Hundred Seventy Seven Dollars and Sixty Cents ($3,177.60) as rental payments for the aforesaid leased premises, *in mitigation of its losses* since the Defendant abandoned the premises; (emphasis added).

[2] Defendant further contends that the trial judge erred in subtracting from the award of damages the "actual rental collected by the plaintiff in mitigation of damages" rather than the reasonable rental value. Defendant cites *Monger v. Lutterloh*, 195 N.C. 274, 142 S.E. 12 (1928), but this case directly contradicts her position. "[O]rdinarily the measure of damages for the wrongful breach of a rental contract and abandonment of the demised premises . . . is the difference, if any, between the rent reserved

in the contract and the rent received from another letting. . . ."
*Id*. at 276-77, 142 S.E. at 15. Nor is the case of *Weinstein v. Griffin*, 241 N.C. 161, 84 S.E. 2d 549 (1954), on point, for the lease there provided that liquidated damages would be calculated by allowing defendants credit for the reasonable rental value. We find no merit in defendant's contention.

Affirmed.

Judges MORRIS and MARTIN (Harry C.) concur.