BLAINE O'BRIEN, JR., ADMINISTRATOR OF THE ESTATE OF ALBERT M. O'BRIEN, DECEASED v. LARRY J. REECE AND CENTRAL CAROLINA BANK & TRUST COMPANY

No. 799DC388

(Filed 18 March 1980)

1. **Banks and Banking § 4— certificate of deposit—signature card—no express right of survivorship**

    A signature card signed by depositors did not comply with G.S. 41-2.1(a) where the card did not expressly provide for the right of survivorship in the certificate of deposit in that there was no indication in the space provided on the signature card that gave effect to the survivorship provision.

2. **Banks and Banking § 4— certificate of deposit—no right of survivorship**

    There was no merit to defendant's contention that a certificate of deposit itself constituted compliance with G.S. 41-2.1(a) since the certificate did not contain the signatures of the depositors and thus did not amount to a signed writing as contemplated by the statute; the provision of the certificate, "Payable to said depositor, or, if more than one, to either or any of said

O'Brien v. Reece

depositors or the survivors or survivor," was made part of the certificate pursuant to G.S. 53-146, was for the protection of the bank only, and, absent any other evidence, was not dispositive as to the ownership of funds; and the use of the conjunction "or" in the certificate did not establish the right of survivorship but merely created an agency for the one other than the depositor to withdraw funds, such agency terminating at depositor's death.

APPEAL by defendant from *Allen (C. W., Jr.), Judge*. Judgment entered 3 January 1979 in District Court, GRANVILLE County. Heard in the Court of Appeals 3 December 1979.

Plaintiff, administrator of the estate of Albert M. O'Brien, intestate, seeks a declaratory judgment to determine the disposition of proceeds from a certificate of deposit held by intestate at his death. On 28 October 1975, intestate deposited $5,000 in the Central Carolina Bank & Trust Company (Central) in Oxford, North Carolina, and received a Golden Certificate of Deposit for the same amount. The certificate of deposit was issued in the name of "Albert M. O'Brien or Larry J. Reece," and remained in intestate's possession until his death on 10 January 1978. A signature card issued by Central on 28 October 1975 contained the signatures of both persons. The signature card provided spaces for indicating by checkmark the type of account being opened, and in this case the card was checked "SAVINGS". There were also spaces for indicating by checkmark how the account was to be held, whether individual, joint, fiduciary, trade name, association, partnership or corporation. None of these spaces was checked.

During the administration of intestate's estate, plaintiff presented the certificate of deposit to Central and requested that Central redeem the certificate of deposit and pay the proceeds to intestate's estate for disbursement as a general asset of the estate. Central declined to redeem the certificate of deposit on the ground that it could not do so without the endorsement of defendant Reece, whose name appeared on the certificate along with that of intestate.

In his complaint, plaintiff prayed that the court award the proceeds of the certificate of deposit to intestate's estate and that it determine defendant to be entitled to no portion of the funds represented by the certificate of deposit. Defendant Reece answered and averred that the certificate of deposit was issued

"to Albert M. O'Brien or Larry J. Reece as joint owners thereof with the right of survivorship," and alleged the existence of a previous agreement executed pursuant to G.S. 41-2.1 creating such right of survivorship.

At trial, plaintiff presented Mr. James I. Carey, bank manager of Central in Oxford, North Carolina, who testified that intestate purchased the certificate of deposit with a portion of proceeds he had obtained by inheritance. Carey testified further that the bank "had several different styles of certificates," but that bank records showed "that this certificate was a survivorship account." He testified, however, that it is impossible "to determine from the information on the signature card whether it was a joint [account] or not [sic] because our clerk inadvertently failed to check off the joint block." Carey stated further that it was the general policy of bank employees to use the conjunction "or" when opening a survivorship account.

Defendant presented his wife, Linda Reece, who testified that on 28 October 1975, Albert M. O'Brien told her he "had put $2500.00 in a certificate in Larry's [defendant's] name and $5,000.00 in a certificate in his and Larry Reece's name and at his death for him [defendant] to go and get the certificate and not to say anything to anybody and if there wasn't enough money in his estate to pay his burial expenses to pay his burial expenses out of it and what was left for him to keep." Another witness testified that intestate intended "to take care of Larry because he had been so good to him." Plaintiff presented rebuttal evidence tending to show that in May of 1976, intestate desired to go to the bank and make sure his money was still there, and that he was unaware at the time that Larry Reece could "sign checks on his account and get his Certificate out."

On hearing, the trial court made various findings of fact which, in pertinent part, follow:

That the signature card is the only paper writing signed by the parties relative to the $5,000.00 certificate of deposit, and said paper writing is silent as to whether the certificate of deposit "SAVINGS ACCOUNT" was an individual, joint, fiduciary, trade name, association, partnership or corporation account.

The trial court then made the following conclusions of law:

1. That there exists no written agreement signed by the parties expressly providing for the right of survivorship regarding the $5,000.00 certificate of deposit as required by NCGS 41-2.1.

2. That there was no gift of the $5,000.00 certificate of deposit from Albert M. O'Brien to Larry J. Reece.

3. That the $5,000.00 certificate of deposit was subject to withdrawal by either of the parties prior to the death of one of the parties. That upon the death of Albert M. O'Brien, he being the sole owner of the funds initially deposited in said certificate, any and all rights of Larry J. Reece to receive the proceeds of said certificate terminated.

4. That upon the death of Albert M. O'Brien, the $5,000.00 certificate of deposit and proceeds therefrom became the sole and absolute property of the estate of the deceased to be administered therein as a general asset.

The trial court thereupon ordered Central to pay to intestate's estate $5,000.00 upon presentation of the certificate of deposit. Defendant Reece appeals from the court's findings of fact and conclusions of law, and the judgment entered thereon.

*Royster, Royster & Cross, by T. S. Royster, Jr., for plaintiff appellee.*

*Watkins, Finch & Hopper, by Daniel F. Finch, for defendant appellant Reece.*

MORRIS, Chief Judge.

The right of survivorship as a legal incident of joint tenancy, with a few exceptions, has been abolished in North Carolina. G.S. 41-2; *Vettori v. Fay*, 262 N.C. 481, 137 S.E. 2d 810 (1964). Although the common law deemed valid, as an exception to this rule, oral as well as written contracts making the rights of parties dependent on survivorship, *Jones v. Waldroup*, 217 N.C. 178, 7 S.E. 2d 366 (1940); *Taylor v. Smith*, 116 N.C. 531, 21 S.E. 202 (1895), the General Assembly has statutorily required the parties to sign a written agreement expressly providing for the right of survivor-

ship. G.S. 41-2.1(a). Specifically applicable to joint accounts opened with banking institutions, G.S. 41-2.1(a) provides:

> A deposit account may be established with a banking institution in the names of two or more persons, payable to either or the survivor or survivors, with incidents as provided by subsection (b) of this section, when both or all parties have signed a written agreement, either on the signature card or by separate instrument, expressly providing for the right of survivorship.

The question before this Court is then whether there is a writing sufficient to create the right of survivorship in the savings account evidenced by the certificate of deposit in the name of Albert M. O'Brien and Larry J. Reece.

Defendant argues in his brief that the writing requirement set forth in G.S. 41-2.1(a) is satisfied in the instant case by the language appearing on the certificate of deposit and the certificate signature card. On the certificate of deposit there is the following language: "Payable to said depositor, or, if more than one, to either or any of said depositors or the survivors or survivor." There appears on the face of the certificate signature card, signed by both plaintiff's intestate and defendant, the following statement:

> Assent is hereby made to the terms and conditions printed on the reverse of this card and in the case of a savings account, to the terms and conditions printed in the Savings book issued with the account.

On the reverse side of the signature card, the following appears:

> DEPOSITOR AGREES AS FOLLOWS AND THE BANK ACCEPTS BUSINESS ON SUCH CONDITIONS ONLY:
>
> . . .
>
> 12. When indicated on the reverse of this card that the account is a JOINT account, we, the parties whose signatures appear on the reverse of this card, agree that all sums deposited at any time, including sums deposited prior to the date of this card, in the Central Carolina Bank & Trust Company in the joint account of the signers of this card, shall be held by us as co-owners with the right of survivorship,

regardless of whose funds are deposited in said account and regardless of who deposits the funds in said account. Either or any of us shall have the right to draw upon said account, without limit, and in case of the death of either or any of us the survivor or survivors shall be the sole owner or owners of the entire account. This agreement is governed by the provisions of Section 41-2.2 of the General Statutes of North Carolina.

It is clear that the signature card and the certificate of deposit refer to each other in that each document lists the identical account number. (We express no opinion as to the applicability of G.S. 41-2.2 appearing on the reverse side of the signature card, as that section deals with joint ownership of corporate stock and investment securities.)

Defendant Reece takes the position that although the signature card does not indicate on its face whether the account is "joint", the conjunction "or" appearing on the signature card contemplates the right of survivorship and brings into effect paragraph 12 on the reverse side. Alternatively, Reece argues that the language on the certificate of deposit itself constitutes a "separate agreement" as required by G.S. 41-2.1(a), and when read in conjunction with the signature card, shows an intent to create a right of survivorship on the part of O'Brien and Reece.

Although G.S. 41-2.1(a), as it applies to savings accounts opened by two or more persons other than husband and wife, has been in effect since 1963, few decisions have considered the type of writing required by that section. In one case, *Moore v. Galloway*, 35 N.C. App. 394, 241 S.E. 2d 386 (1978), this court decided whether a bank account held in the name of two persons was a joint account with the right of survivorship. The trial court had considered oral testimony as to the intent of the depositors as well as the signature card issued for the account, and held that the account included the incident of survivorship. We affirmed that ruling, concluding that the signature card required that result. The Court found that the language of the joint account was virtually identical to that of G.S. 41-2.1(g) which provides:

A deposit account under subsection (a) of this section may be established by a written agreement in substantially the following form:

"We, the undersigned, hereby agree that all sums deposited at any time, including sums deposited prior to this date, in the ................................ (name of institution) in the joint account of the undersigned, shall be held by us as co-owners with the right of survivorship, regardless of whose funds are deposited in said account and regardless of who deposits the funds in said account. Either or any of us shall have the right to draw upon said account, without limit, and in case of the death of either or any of us the survivor or survivors shall be the sole owner or owners of the entire account. This agreement is governed by the provisions of § 41-2.1 of the General Statutes of North Carolina. . . ."

Even without the oral testimony submitted in that case, the language on the signature card was deemed by the court as creating the incident of survivorship.

Similarly, in *Harden v. First Union National Bank*, 28 N.C. App. 75, 220 S.E. 2d 136 (1975), this Court construed language which was alleged to constitute a joint bank account with the right of survivorship. The agreement in question provided as follows:

We agree and declare that all funds now, or hereafter deposited in this account are and shall be our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by or upon the order of either of us or the survivor.

It is especially agreed that withdrawal of the funds by the survivor shall be binding upon us and upon heirs, next of kin, legatees, assigns, and personal representatives.

28 N.C. App. at 76, 220 S.E. 2d at 137. We held that this language satisfied the requirements of G.S. 41-2.1(a) for the establishment of joint bank accounts with the right of survivorship.

[1] From these decisions, it is clear that the thrust of our inquiry should be directed toward an interpretation of the signature card signed by the depositors. The signature card is im-

portant because it "constitutes the contract between the depositor of money, and the bank in which it is deposited, and it controls the terms and disposition of the account." *Colley v. Cox*, 209 Va. 811, 814, 167 S.E. 2d 317, 319 (1969). *See also Campbell v. Campbell*, 211 Va. 31, 175 S.E. 2d 243 (1970); *Robbins v. Grimes*, 211 Va. 97, 175 S.E. 2d 246 (1970). In the present case, the language found in paragraph 12 on the reverse side of the signature card is substantially the same as that approved by the foregoing decisions and G.S. 41-2.1(g). However, as stated in that paragraph, that provision is only applicable when it is "indicated on the reverse" of the card that the account is a "JOINT" account. We find no indication in the space provided on the signature card that gives effect to the survivorship provision. We must conclude, therefore, that the signature card does not expressly provide for the right of survivorship in the certificate of deposit. Contrary to defendant's assertion, in light of the specific directions on the signature card, we cannot overlook the failure to indicate that the savings account was to be joint as inadvertent. The signature card does not comply with G.S. 41-2.1(a).

[2] Defendant's contention that the certificate of deposit itself constitutes compliance with G.S. 41-2.1(a) is equally without merit. In this regard, we note the trial court's finding of fact that "the signature card is the only paper writing signed by the parties relative to the $5,000.00 certificate of deposit." Indeed, the certificate of deposit does not contain the signatures of Albert M. O'Brien or Larry J. Reece. Thus, the certificate is not a signed writing as contemplated by the statute.

Defendant, nevertheless, relies on other provisions in the certificate of deposit to support his contention that the certificate evidences an intent to create the right of survivorship. There appears on the certificate the provision: "Payable to said depositor, or, if more than óne, to either or any of said depositors or the survivors or survivor." However, it is apparent that this provision was made a part of the certificate pursuant to G.S. 53-146, which provides that a bank may safely pay either of the two persons, regardless of whether the other is alive, when the deposit is made payable to either, or to either or the survivor. This statute is for the protection of the bank only, and absent any other evidence, is not dispositive as to the ownership of funds. Defendant also contends that the use of the conjunction "or" in the certificate in-

dicates an intent to establish the right of survivorship. Where one deposits money in an account in the name of himself "or" another, the term "or", absent evidence of a separate agreement or a gift, merely creates an agency in the other person to withdraw such funds, and upon the depositor's death the agency terminates and the funds become a part of the depositor's estate. *Hall v. Hall*, 235 N.C. 711, 71 S.E. 2d 471 (1952); *Nannie v. Pollard*, 205 N.C. 362, 171 S.E. 341 (1933). Thus, in this case, nothing in the certificate of deposit serves to comply with G.S. 41-2.1(a) requiring a signed writing that expressly provides for the right of survivorship.

The trial court's findings of fact are supported by the evidence and materials presented, and those findings are, therefore, conclusive on appeal. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). Since we also find the court's conclusions of law to be supported by its findings of fact, the judgment must be

Affirmed.

Judges PARKER and HILL concur.