BEN J. THREATTE, SR., INDIVIDUALLY AND BEN J. THREATTE, SR. AS ADMINISTRATOR OF THE ESTATE OF RANCE K. THREATTE, DECEASED v. BEVERLY ANN THREATTE

No. 8122SC1206

(Filed 2 November 1982)

1. **Banks and Banking § 4— signature card—joint account with right of survivorship**

    A signature card which was signed by plaintiff and by the intestate and which contained language virtually identical to that of G.S. 41-2.1(g) created a joint account with right of survivorship in a money market savings certificate. G.S. 41-2.1(a).

2. **Banks and Banking § 4— joint savings certificate—ownership of renewal certificate issued only in name of intestate**

    Where a money market savings certificate with a face value of $10,000.00 was issued in the joint names of plaintiff and the intestate, a signature card signed by plaintiff and the intestate created a joint account with right of survivorship, the number of the certificate was placed in the upper right-hand cor-

ner of the signature card, the intestate obtained a renewal certificate issued solely in his name with the $10,000.00 principal proceeds from the original certificate plus $8,300.00 of his own funds, the renewal certificate represented that the joint account originally created by the signature card contained $18,300.00, and the number of the renewal certificate was placed in the upper right-hand corner of the signature card, the signature card controlled disposition of the proceeds of the renewal certificate and plaintiff was entitled to the proceeds upon the intestate's death.

APPEAL by defendant from *Collier, Judge.* Judgment entered 2 September 1981 in Superior Court, IREDELL County. Heard in the Court of Appeals 1 September 1982.

Plaintiff, individually and as administrator of the estate of Rance K. Threatte, intestate, seeks a declaratory judgment to determine the disposition of proceeds of a Money Market Savings Certificate after Rance K. Threatte's death on 16 September 1980.

Plaintiff was the natural father of Rance K. Threatte. On 11 October 1979, plaintiff and intestate purchased with intestate's funds a Money Market Savings Certificate No. 83005104 at First Savings and Loan Association, Statesville, North Carolina, with face value of $10,000 maturing 10 April 1980. The Money Market Savings Certificate was issued in the name of "Rance K. Threatte or Ben J. Threatte, Sr." The number of this certificate, 83005104, was placed in the upper right-hand corner of a signature card signed by plaintiff and intestate on 11 October 1979. The signature card contained the following language:

We the undersigned, hereby agree that all sums deposited at any time, including sums deposited prior to this date, in the

FIRST SAVINGS AND LOAN ASSOCIATION

in the joint account of the undersigned shall be held by us as co-owners with the right of survivorship, regardless of whose funds are deposited in said account and regardless of who deposits the funds in said account. Either or any of us shall have the right to draw upon said account, without limit, and in case of the death of either or any of us the survivor or survivors shall be the sole owner or owners of the entire account.

. . . This agreement is and shall be governed by the provisions of § 41-2.1 of the General Statutes of North Carolina and any successor or substitute provisions of said statute.

Money Market Savings Certificate No. 83005104 matured on 10 April 1980. On 11 April 1980, this certificate was renewed by purchase of a new Money Market Savings Certificate No. 8301194-1 in the amount of $18,300. This sum of $18,300 was a combination of the $10,000 principal proceeds of Money Market Savings Certificate No. 83005104 plus an additional $8,300 invested by intestate. The new certificate was issued solely in intestate's name and was to mature on 10 October 1980. The new certificate number, 8301194-1, was placed in the upper right-hand corner of the previously executed signature card.

Intestate died on 16 September 1980, after the issuance of the new Money Market Savings Certificate No. 8301194-1 but before its maturity date of 10 October 1980. He was then legally married to the defendant, Beverly Ann Threatte, but had been physically separated from her for several years prior to death. The parties had signed no documents by which defendant waived any right to participate in intestate's estate.

Upon these basic facts, both plaintiff and defendant entered motions for summary judgment. The trial court granted summary judgment for the plaintiff, denied the defendant's motion for summary judgment, and held the plaintiff to be the owner of account No. 8301194-1 at First Savings and Loan Association pursuant to G.S. 41-2.1(b)(3). Defendant appealed.

*Raymer, Lewis, Eisele and Patterson, by Douglas G. Eisele, for plaintiff appellee.*

*Pope, McMillan, Gourley and Kutteh, by Robert H. Gourley, for defendant appellant.*

MORRIS, Chief Judge.

Defendant's only assignment of error challenges the court's entry of summary judgment in favor of the plaintiff and against the defendant. We note at the outset that summary judgment is appropriate in a declaratory judgment action where there is no genuine issue as to any material fact and either party is entitled to a judgment as a matter of law. *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972). The real controversy in this case concerns the legal significance of the facts, rather than the facts themselves.

[1]   The first question before this Court is whether the signature card signed by both plaintiff and intestate on 11 October 1979 created a joint account with right of survivorship. G.S. 41-2.1(a) allows an account with right of survivorship to be established when both or all parties "have signed a written agreement, either on the signature card or by separate instrument, expressly providing for the right of survivorship." The type of writing required by this statute to establish an incident of survivorship was considered by the Court in *O'Brien v. Reece*, 45 N.C. App. 610, 263 S.E. 2d 817 (1980). In *O'Brien*, the Court carefully examined the signature card executed by the decedent (O'Brien) and Reece. Both parties signed the card but the block on the signature card indicating an intention to create the right of survivorship had not been checked. The signature card was determined to be inadequate to establish a joint account with right of survivorship because there was no express provision for right of survivorship. The Court then proceeded to examine the certificate which was issued on the same date the signature card was executed. The certificate was issued in the name of "Albert M. O'Brien or Larry J. Reece as joint owners thereof with right of survivorship." The certificate, however, did not bear the signatures of Albert M. O'Brien or Larry J. Reece. The court concluded that Reece had no interest by survivorship because first, the signature card did not create the right of survivorship, the block for survivorship not having been checked and second, the certificate itself, not having been signed by both parties, was not a signed writing as contemplated by G.S. 41-2.1. The analysis by the Court in *O'Brien* indicates that either a properly executed signature card or a certificate signed by both parties and expressly providing for a right of survivorship would be sufficient to create a joint account with right of survivorship.

In this case, the signature card was signed by plaintiff and intestate on 11 October 1979 and expressly provided for the right of survivorship as required by G.S. 41-2.1(a). The form of the signature card is virtually identical to that of G.S. 41-2.1(g) which provides:

A deposit account under subsection (a) of this section may be established by a written agreement in substantially the following form:

"We, the undersigned, hereby agree that all sums deposited at any time, including sums deposited prior to this date, in the . . . . . . . . (name of institution) in the joint account of the undersigned, shall be held by us as co-owners with the right of survivorship, regardless of whose funds are deposited in said account and regardless of who deposits the funds in said account. Either or any of us shall have the right to draw upon said account, without limit, and in case of the death of either or any of us the survivor or survivors shall be the sole owner or owners of the entire account. This agreement is governed by the provisions of § 41-2.1 of the General Statutes of North Carolina."

A signature card containing this language is sufficient to create an incident of survivorship. *See Moore v. Galloway*, 35 N.C. App. 394, 241 S.E. 2d 386 (1978). Thus, a joint account with right of survivorship was created by the signature card executed on 11 October 1979.

[2] The second question before the court is whether the signature card controls disposition of the proceeds of Money Market Savings Certificate No. 8301194-1. We believe that it does. The *O'Brien* Court noted the importance of the signature card because it "constitutes the contract between the depositor of money, and the bank in which it is deposited, and it controls the terms and disposition of the account." *O'Brien* at 617, 263 S.E. 2d at 821.

On 11 October 1979, Certificate No. 83005104 was issued for $10,000 in joint names, and it represented that the joint account created by the signature card contained $10,000. Certificate No. 83005104 was placed in the upper right-hand corner of the signature card.

On 11 April 1980, intestate obtained renewal Certificate No. 8301194-1, issued solely in his name, with $10,000 principal proceeds from the original certificate plus $8,300 of his own funds. This second certificate represented that the joint account originally created by the signature card executed on 11 October 1979 contained $18,300. The fact that renewal Certificate No. 8301194-1 was placed in the upper right-hand corner of the signature card

supports the conclusion that disposition of the proceeds of Certificate No. 8301194-1 should be controlled by the signature card.

In addition, the depositions of the employees of the Savings and Loan giving the facts set out herein with respect to the signature card and deposits, and the affidavit of one Thomas Johnson was filed in support of the motion for summary judgment. Affiant stated that he was a close friend of decedent and that on several occasions decedent had made the statement to him that Ben J. Threatte, Sr., father of decedent, "would get everything I've got" after the death of Rance Threatte and further

> Rance K. Threatte told your affiant that his father, Ben J. Threatte, Sr., was not aware of it, but that all property theretofore owned by Rance K. Threatte individually, had been put either in his father's name or in the joint names of Rance K. Threatte and Ben J. Threatte, Sr.

> Before his death, Rance K. Threatte told your affiant that he had some certificates which he had put in his name and in his father's name; he did not tell your affiant any details about the certificates, including either the amounts of them or the institutions in which they were held.

There was nothing offered by defendant in opposition to the materials offered to support the motion for summary judgment. It is obvious that it was decedent's intention that the terms and disposition of the proceeds of Certificate No. 8301194-1 be controlled by the signature card executed by decedent and his father and upon which the number of the disputed certificate was placed.

The judgment appealed from is

Affirmed.

Judges MARTIN and BECTON concur.