IN THE MATTER OF THE ESTATE OF ALONZO HENRY HEFFNER, TESTATOR

No. 8927SC818

(Filed 3 July 1990)

**Banks and Banking § 4 (NCI3d)— certificate of deposit—failure of both parties to sign—no right of survivorship**

Parties who wish to create a right of survivorship applicable to joint bank accounts must comply with the requirements of N.C.G.S. § 41-2.1(a); therefore, the trial court erred in holding that testator's widow was the legal owner of the entire amount of a certificate of deposit since the statute clearly requires that both parties sign the written agreement, but testator's widow failed to do so, and testator's intent was irrelevant in light of the unambiguous language of the statute requiring signatures.

**Am Jur 2d, Banks §§ 369 et seq.**

APPEAL by movant-executor from judgment signed 31 March 1989 by *Judge Lester P. Martin, Jr.* in GASTON County Superior Court. Heard in the Court of Appeals 13 February 1990.

Bertie I. Heffner, the widow of Alonzo H. Heffner and nonmovant-appellee in this appeal, filed a dissent to the last will and testament of Alonzo H. Heffner on 31 March 1988. Susan Howell, executor of the estate of Alonzo H. Heffner, filed a motion for a hearing before the Clerk of Superior Court, seeking a determination of the proper distribution of funds. Bertie Heffner answered, alleging sole ownership of a certain certificate of deposit. After a hearing, the Clerk issued an order on 9 December 1988 transferring the matter to Superior Court. After hearing arguments and evidence in the matter, the court held that nonmovant Bertie Heffner was the legal owner of the entire amount of the certificate of deposit. Movant appeals.

*Mullen, Holland, Cooper, Morrow, Wilder & Sumner, P. A., by Nancy Borders Paschall and Graham C. Mullen, for movant-appellant.*

*Wade W. Mitchem for appellee.*

JOHNSON, Judge.

Alonzo H. Heffner executed a certain certificate of deposit in the amount of $54,215.81 at a branch office of North Carolina National Bank (the "Bank") on 3 November 1986. Under Title I on the certificate was typed "ALONZO H. HEFFNER." Under Title II was typed "BIRDIE HEFFENER [sic]." Above a space for signatures, a box marked "Joint Depositors with Survivorship" was marked with a typed "x." The only signature on the certificate was that of Alonzo Heffner. Above his signature appeared these words: "The undersigned Depositor(s) has read and agrees to be bound by the provisions set forth on this and the reverse side of this Certificate." The reverse side refers to G.S. § 41-2.1.

After Alonzo Heffner died on 19 October 1987, the Bank issued a certificate of deposit to Bertie Heffner for one-half of the balance of the original certificate of deposit executed by Alonzo Heffner. It issued a second certificate of deposit to the estate of Alonzo Heffner for the other half of the balance.

By this appeal, the movant-executor contends that the trial court erred in holding that Bertie Heffner, as surviving spouse of Alonzo Heffner, is the legal owner of the entire original certificate of deposit executed by Alonzo Heffner in the amount of $54,215.81. We agree with the executor.

Before addressing movant's argument, we note that the nonmovant-appellee has attempted in her brief to raise a question for our review as to whether the matter before us is justiciable. She has failed, however, to properly present this question as required by Rule 28(c) of the N.C. Rules of Appellate Procedure. We therefore decline to address it.

The right of survivorship has been statutorily abolished where it follows as a legal incident to an existing joint tenancy. G.S. § 41-2; *Vettori v. Fay*, 262 N.C. 481, 137 S.E.2d 810 (1964). Parties who wish to create a right of survivorship applicable to joint bank accounts must comply with the requirements of G.S. § 41-2.1(a):

IN RE ESTATE OF HEFFNER

[99 N.C. App. 327 (1990)]

A deposit account may be established with a banking institution in the names of two or more persons, payable to either or the survivor or survivors, with incidents as provided by subsection (b) of this section, when both or all parties have signed a written agreement, either on the signature card or by separate instrument, expressly providing for the right of survivorship.

Under the facts of this case, we must therefore determine whether a written agreement not signed by the party asserting rights as a survivor is sufficient to satisfy the statutory requirements. We must conclude that it is not sufficient. The plain language clearly requires that both parties sign the written agreement. This Court has also, in considering the adequacy of written agreements purporting to create survivorship rights, recognized the necessity of meeting all the requirements of G.S. § 41-2.1(a). In *O'Brien v. O'Brien*, 45 N.C. App. 610, 263 S.E.2d 817 (1980), both parties had signed the signature card, but the block indicating an intention to create a right of survivorship had not been checked. This writing was found to be insufficient to create rights of survivorship. The *O'Brien* Court then examined the certificate of deposit itself which was not signed by either party. The Court determined that the certificate, being unsigned by the parties, did not constitute a signed written agreement as required by G.S. § 41-2.1(a). The necessity of meeting all the statutory requirements was again recognized by this Court in *Threatte v. Threatte*, 59 N.C. App. 292, 296 S.E.2d 521 (1982), *cert. withdrawn as improvidently granted*, 308 N.C. 384, 302 S.E.2d 226 (1983).

In the instant case, Bertie I. Heffner did not sign the certificate of deposit, which is the only writing purporting to serve as a contract showing survivorship. Since this writing does not meet the signing requirement contemplated by G.S. § 41-2.1(a), we are compelled by that statute and our prior interpretations of it to hold that the writing at issue is ineffective to create a right of survivorship.

We also find that the trial court's conclusion of law that testator intended to create right of survivorship in the certificate of deposit not controlling. The signing requirement of G.S. § 41-2.1(a) is unambiguous, and the parties failed to express their intent to create a right of survivorship in accord with the statute. We note parenthetically that the General Assembly has enacted a new statute

regarding creation of right of survivorship in joint bank accounts, G.S. § 53-146.1, which, being effective 1 July 1989, is not applicable to the case at bar. We mention this statute, however, to observe that it retains the critical requirement that the parties execute a *signed* statement of their intent to create right of survivorship.

To allow subjective determination of the parties' intent to govern rather than the strict requirements of the statute would have the effect of creating uncertainty and increased litigation both for depositors and for banking institutions called upon to pay out funds from joint accounts.

Reversed and remanded.

Judges ARNOLD and ORR concur.