## MILLER v. MILLER

[117 N.C. App. 71 (1994)]

---

MAX MILLER, JR., PLAINTIFF v. GUSSIE W. MILLER, DEFENDANT

No. 931SC1197

(Filed 15 November 1994)

1. **Negotiable Instruments and Other Commercial Paper § 14 (NCI4th); Estates § 51 (NCI4th)— promissory note—right of survivorship created—note not part of testator's estate**

   The promissory note at issue which was executed by payor and his wife and made payable to testator and his wife "or their survivor" created a right of survivorship between testator and defendant, his wife; since testator predeceased defendant, plaintiff was the sole surviving payee on the note and was entitled to both the note and the remaining proceeds from the note, and the promissory note was not part of testator's estate.

   **Am Jur 2d, Bills and Notes § 117; Cotenancy and Joint Ownership §§ 3-21.**

2. **Estates § 51 (NCI4th)— automatic right of survivorship— appropriate language in promissory note**

   N.C.G.S. § 41-2, which abolished the presumption of automatic right of survivorship and required a signed written agreement, did not apply to the promissory note in question since the promissory note contained the specific language necessary to create a

right of survivorship in property held by joint tenancy where it was made payable to testator and his wife "or their survivor."

**Am Jur 2d, Cotenancy and Joint Ownership §§ 3-21.**

3. **Husband and Wife § 30 (NCI4th); Estates § 51 (NCI4th)— interest in promissory note—effect of premarital agreement on ownership**

Defendant wife's survivorship interest in a promissory note payable to testator and defendant "or their survivor" was not defeated by a premarital agreement in which she released all rights in testator's property which she "might have by reason of the marriage," since defendant's rights to the promissory note and proceeds from the note were not rights which defendant claimed merely by reason of her marriage to testator; rather, it was the language of the promissory note itself which created defendant's rights in the note.

**Am Jur 2d, Cotenancy and Joint Ownership §§ 3-21; Husband and Wife §§ 277-295, 300-315.**

4. **Estoppel § 20 (NCI4th)— failure to show reliance—no estoppel**

Defendant was not equitably estopped from claiming the proceeds of a promissory note on which she was a joint payee and which she listed as an asset of her husband's estate, since plaintiff did not prove his reliance on defendant's conduct, and defendant's actions did not change the fact that by the terms of the note itself, plaintiff had no interest in the promissory note or its proceeds.

**Am Jur 2d, Estoppel and Waiver §§ 134 et seq.**

**Comment Note.—Quantum or degree of evidence necessary to prove an equitable estoppel. 4 ALR3d 361.**

Appeal by plaintiff from judgment entered 17 August 1993 by Judge William C. Griffin in Pasquotank County Superior Court. Heard in the Court of Appeals 1 September 1994.

Max L. Miller, Sr., testator, and his first wife, Angelina F. Miller, owned of a tract of land in Pasquotank County. Subsequent to testator's divorce from his first wife, testator became sole owner of that property. Testator and Gussie W. Miller, defendant, entered into a premarital agreement in which defendant released all rights in testator's

MILLER v. MILLER

[117 N.C. App. 71 (1994)]

property "which [defendant] might have by reason of the marriage." On 15 May 1989, testator sold the property in Pasquotank County to M. Jack Morris, Jr. and wife, Alice B. Morris, in exchange for a purchase money deed of trust for the sum of $35,000.00. In connection with the purchase money deed of trust, Jack and Alice Morris signed a promissory note dated 15 May 1989 for the sum of $35,000.00 made payable to "Max L. Miller, Sr. and wife, Gussie Miller, or their survivor." After the sale of the property, testator established an account with Edward D. Jones and Company in the name of Max L. Miller, Sr. and Max L. Miller, Jr. The $10,000.00 down payment check, which check was made payable to testator and Gussie Miller, was deposited in this account. The check was endorsed by both testator and defendant prior to deposit.

On 21 August 1991, testator executed a last will and testament which contained the following bequest:

> The property on Blount Road has been sold to Mr. Jack Morris who resides on Blount Road. I financed the sale of this property and there are five more payments to be made at five thousand dollars each plus interest. Upon my death, each payment shall be made to my son. It is also my desire that my son inherit the picture of the SS Pioneer Commander and the half ton Dodge pickup.

Pursuant to this bequest, plaintiff claims the remaining proceeds from the promissory note.

Plaintiff, Max Miller, Jr., filed a declaratory judgment action against defendant, Gussie W. Miller, to determine the respective rights of the parties to the purchase money promissory note and proceeds of the note. Defendant filed a motion for summary judgment. On 17 August 1993, the trial court entered an order finding defendant to be the sole owner of the promissory note and entitled to the remaining balance on the note. Plaintiff appeals.

*Twiford, Morrison, O'Neal & Vincent, by Branch W. Vincent, III, for plaintiff-appellant.*

*White, Hall & Dixon, by John H. Hall Jr., for defendant-appellee.*

EAGLES, Judge.

[1] Plaintiff appeals from the trial court's granting of defendant's summary judgment motion. Plaintiff contends that summary judg-

ment should not have been granted because the testator devised the remaining proceeds of the promissory note to plaintiff under his will. Plaintiff alleges that defendant has no right to the promissory note because the property which was sold in exchange for the promissory note was owned by testator alone. Therefore, plaintiff contends testator's will should control the disposition of the proceeds because testator alone was entitled to the proceeds of the sale which are represented by the promissory note.

Initially, we note that plaintiff has not sought to reform the note. Furthermore, while plaintiff argues on appeal that the language "or their survivor" makes the note "confusing at best," there is no evidence in the record that plaintiff presented this argument to the trial court. Consequently, the terms of the promissory note are taken as provided and control the outcome here.

Regarding G.S. 1A-1, Rule 56, our Supreme Court has stated:

> The party moving for summary judgment must establish the lack of any triable issue by showing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975); *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E.2d 897 (1972).

*Branks v. Kern*, 320 N.C. 621, 623-24, 359 S.E.2d 780, 782 (1987).

> In ruling on summary judgment, a court does not resolve questions of fact but determines whether there is a genuine issue of material fact. . . . Thus a defending party is entitled to summary judgment if he can show that claimant cannot prove the existence of an essential element of his claim [citation omitted], or cannot surmount an affirmative defense which would bar the claim.

*Ward v. Durham Life Insurance Co.*, 325 N.C. 202, 209, 381 S.E.2d 698, 702 (1989), *quoting Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). Defendant contends that the trial court properly granted summary judgment because defendant established that plaintiff had no right to the promissory note or the proceeds of the note. Consequently, defendant argues that the terms of testator's last will and testament and the pre-marital agreement are immaterial.

According to the terms of the promissory note, testator and defendant are joint payees with a right of survivorship. Under the Uniform Commercial Code, if an instrument is payable to two or more

persons jointly, it is payable to all of them and may be negotiated, discharged or enforced only by all of them. G.S. 25-3-116. *See* Gerry W. Beyer, *Pay to the Order of Whom?—The Case of the Ambiguous Multiple Payee Designation*, 21 U. Toledo Law Review 685 (1990). Joint instruments protect the payees by preventing the one who has possession from misappropriating the interest of the one who is out of possession. Beyer, *supra*. G.S. 25-3-110, entitled "Payable to Order" provides in section (1)(d) that:

> (1) An instrument is payable to order when by its terms it is payable to the order or assigns of any person therein specified with reasonable certainty, or to him or his order, or when it is conspicuously designated on its face as "exchange" or the like and names a payee. It may be payable to the order of
>
> . . . .
>
> (d) two or more payees together or in the alternative.

Comment number one to this section states:

> [Section (1)(d)] eliminates the word jointly which has carried a possible implication of a right of survivorship. Normally an instrument payable to "A and B" is intended to be payable to the two parties as tenants in common, and there is no survivorship in the absence of express language to that effect.

(Emphasis added). This comment explains that, although the designation to "A and B" does not create a right of survivorship, express language can be included to create a right of survivorship in a negotiable instrument which is payable to two or more payees jointly.

The promissory note at issue, executed by Jack Morris and his wife, is payable to "Max L. Miller, Sr. and wife, Gussie Miller, or their survivor." The language "or their survivor" creates a right of survivorship between testator and defendant. Since testator predeceased defendant, defendant is the sole surviving payee on the note and is entitled to both the note and the remaining proceeds from the note.

Because defendant became the sole owner of the note upon testator's death, the promissory note is not part of testator's estate. Testator's estate included only those assets in which decedent had a legal or equitable interest at the time of his death. G.S. 28A-15-1. In North Carolina, joint property subject to a right of survivorship is not part of a decedent's estate. In *In Re Estate Of Francis*, 327 N.C. 101, 394 S.E.2d 150 (1990), our Supreme Court held that proceeds held in a

joint account with right of survivorship, established pursuant to G.S. 41-2.1, passed to the surviving joint tenant. The Court stated that "[u]pon the death of the co-tenant, the funds pass to the surviving joint tenant . . . pursuant to the statutorily authorized written agreement and not by the terms of the decedent's will . . . ." *In Re Estate Of Francis*, 327 N.C. 101, 109, 394 S.E.2d 150, 155 (1990). "Under common law principles applicable to joint tenancies the survivor takes the entire property, free and clear of the claims of heirs or creditors of the deceased tenant, and the personal representative of such tenant has no right, title or interest therein." *Wilson County v. Wooten*, 251 N.C. 667, 670, 111 S.E.2d 875, 877 (1960). *See Bowling v. Bowling*, 243 N.C. 515, 91 S.E.2d 176 (1956); *In re Estate of Connor*, 5 N.C. App. 228, 168 S.E.2d 245 (1969). Therefore, the promissory note did not become part of testator's estate but became the sole property of defendant upon testator's death.

**[2]** Plaintiff responds that G.S. 41-2 abolished the presumption of automatic right of survivorship in joint tenancies. Plaintiff contends that this statute requires a signed, written agreement providing for the right of survivorship to create a survivorship provision. Plaintiff is correct that survivorship is not automatic in a joint tenancy. However, G.S. 41-2 which defines survivorship in joint tenancy provides: "[n]othing in this section prevents the creation of a joint tenancy with right of survivorship in real or personal property if the instrument creating the joint tenancy expressly provides for a right of survivorship, and no other document shall be necessary to establish said right of survivorship." The promissory note contains the specific language necessary to create a right of survivorship in property held by joint tenancy. Since the promissory note effectively created a joint tenancy with right of survivorship, the promissory note became defendant's sole property upon testator's death.

**[3]** Plaintiff contends that under *Harden v. Bank*, 28 N.C. App. 75, 220 S.E.2d 136 (1975), defendant's interest in the promissory note is defeated by the premarital agreement. In *Harden*, husband and wife signed a premarital agreement similar to the agreement signed by testator and defendant. Thereafter, husband and wife opened a joint bank account. Upon husband's death, wife sought a one-half interest in the bank account. Our court held that the premarital agreement and joint bank account agreement were two separate and enforceable provisions. We agree that here both the premarital agreement and the promissory note are valid and enforceable. However, the premarital agreement does not defeat defendant's rights in the promissory note.

**MILLER v. MILLER**

[117 N.C. App. 71 (1994)]

According to the premarital agreement defendant released all rights in testator's property "which [defendant] might have by reason of the marriage." However, defendant's rights to the promissory note and proceeds from the note are not rights which defendant claims merely by reason of her marriage to testator. It is the language of the promissory note itself which creates defendant's rights in the note. Thus, while both the premarital agreement and the promissory note are enforceable, the premarital agreement does not defeat defendant's rights created under the promissory note.

Next, plaintiff argues that the court erred in granting summary judgment because there is no evidence that testator intended to make a gift of the proceeds from the promissory note to defendant. However, the issue here is not whether testator intended to make a gift of the proceeds, but rather whether the promissory note created a joint tenancy with a right of survivorship. *Fast v. Gulley*, 271 N.C. 208, 155 S.E.2d 507 (1967). Since, we have held that the promissory note created a joint tenancy with right of survivorship, defendant was not required to present evidence of testator's intent to make a gift of the proceeds.

Plaintiff argues that the promissory note is not a negotiable instrument because it lacks the requisites for negotiability. While we agree, this does not change the result. This promissory note is not a negotiable instrument since it is payable to the two named payees without the addition of the words "or order," or any similar words of negotiability. *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E.2d 683 (1972); G.S. 25-3-104; G.S. 25-3-110. Even so, Article 3 of the Uniform Commercial Code applies to this promissory note except that no holder of the note could be a holder in due course. G.S. 25-3-805. For the purposes of this appeal, the rights of the parties are to be determined as if the note is a negotiable instrument. *Savings & Loan Assoc. v. Trust Co., supra.*

[4]  Finally, plaintiff contends that defendant should be equitably estopped from claiming the proceeds of the note for two reasons. First, defendant, as executrix of decedent's estate identified the $25,000.00 remaining on the note as an item due the deceased and, second, defendant waived any right to make a claim against decedent's estate property or estate under the premarital agreement. We are not persuaded that defendant is equitably estopped.

Plaintiff's equitable estoppel argument fails because plaintiff has not proven reliance. "It is <u>essential</u> that the person asserting the

estoppel shows that he or she acted in reliance on the conduct of the person against whom estoppel is asserted, not merely that he or she was aware of certain facts which in retrospect might support the assertion of estoppel." *Deal v. N.C. State University,* 114 N.C. App. 643, 442 S.E.2d 360, *disc. review denied,* 336 N.C. 779, 447 S.E.2d 419 (1994) (emphasis added). Additionally, defendant's actions did not change the fact that by the terms of the note itself plaintiff had no interest in the promissory note or its proceeds. Defendant's act of listing the promissory note as an asset of the estate could not transform the promissory note into an asset of the estate. "Equity does not estop one from asserting his legal rights to enable another to make a profit which he could not otherwise obtain." *Booher v. Frue,* 98 N.C. App. 570, 580, 394 S.E.2d 816, 821 (1990), *disc. review denied,* 327 N.C. 426, 395 S.E.2d 674 (1990), *citing Herring v. Volume Merchandise, Inc.,* 252 N.C. 450, 113 S.E.2d 814 (1960). In conclusion, we note that since defendant's ownership of the note is independent from the assets of testator's estate, defendant here is not making a claim against testator's estate in contravention of the premarital agreement.


Affirmed.


Judges ORR and JOHN concur.